IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN MFG., INC.,<br><br>Defendant. | Case No. 5:19-cv-4005<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Unverferth Manufacturing Company, Inc. ("Unverferth"), by and through the undersigned counsel, files this Complaint for Patent Infringement against Defendant, Meridian Manufacturing, Inc. ("Defendant" or "Meridian"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale, and/or offer for sale by Defendant of certain of its seed tender products including, for example, Meridian's Seed Express seed tender products.

## THE PARTIES

2. Plaintiff Unverferth is a corporation organized and existing under the laws of the State of Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth also operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670.

3. Defendant Meridian is a corporation organized and existing under the laws of the State of Iowa having a place of business at 2902 Expansion Blvd., Storm Lake, Buena Vista County, Iowa 50588.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is incorporated in the State of Iowa and has a regular and established place of business at 2902 Expansion Blvd., Storm Lake, Iowa 50588, which is located within this judicial district. Defendant has manufactured, used, offered for sale and/or sold, and currently manufactures, uses, offers for sale, and/or sells infringing products, including the Seed Express seed tender products, at Defendant's facilities in this judicial district.

6. Defendant has placed its infringing products into the stream of commerce with the expectation that they will be offered for sale, sold and used in this judicial district. By way of example, and upon information and belief, Defendant's infringing Seed Express seed tender products have been and are currently available at Defendant's facilities at 2902 Expansion Blvd., Storm Lake, Iowa 50588, which are located within this judicial district. Upon information and belief, Defendant has also offered for sale and/or sold infringing Seed Express seed tender products through dealers at locations within this judicial district and the state of Iowa, including for example, Renze Feed Corp., located at 302 E 6th Street, Wall Lake, Iowa 51466.

7. This Court has personal jurisdiction over Defendant.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS-IN-SUIT**

9. On July 17, 2012, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 8,221,047 ("the '047 patent"), which is attached hereto as Exhibit A.

10. Plaintiff Unverferth is the owner of all right, title and interest in and to the'047 patent, including the right to sue for and recover all past, present and future damages for infringement of the '047 patent.

11. On March 3, 2015, the USPTO duly and legally issued U.S. Patent No. 8,967,940 ("the '940 patent"), which is attached hereto as Exhibit B.

12. Plaintiff Unverferth is the owner of all right, title and interest in and to the '940 patent, including the right to sue for and recover all past, present and future damages for infringement of the '940 patent.

13. On August 29, 2017, the USPTO duly and legally issued U.S. Patent No. 9,745,123 ("the '123 patent"), which is attached hereto as Exhibit C.

14. Plaintiff Unverferth is the owner of all right, title and interest in and to the'123 patent, including the right to sue for and recover all past, present and future damages for infringement of the '123 patent.

15. Plaintiff Unverferth manufactures, uses, sells, and/or offers for sale seed tender products that practice the '047, '940, and '123 patents, including by way of example its Seed Runner 2750, Seed Runner 2755, Seed Runner 2755XL, Seed Runner 3750, Seed Runner 3750XL, Seed Runner 3755, Seed Runner 3755XL, Seed Runner 3955XL, Seed Runner 3955DXL, Seed Runner 4955DXL, Seed Runner 5000, Seed Pro 200, Seed Pro 210, Seed Pro 400, Seed Pro 410, and Seed Pro 410XL products.

16. Plaintiff has complied with the statutory marking provisions of 35 U.S.C. § 287(a) with respect to the ’047, ’940, and ’123 patents. Unverferth has affixed a serial number decal to its products that identifies the ’047, ’940, and ’123 patents and/or a publicly accessible website that identifies the ’047, ’940, and ’123 patents.

17. Defendant had knowledge of Unverferth’s seed tender products and the ’047 patent no later than September 5, 2012. On September 5, 2012, Plaintiff Unverferth served Defendant with a Complaint asserting that Defendant’s seed tender products that existed at the time infringed the ’047 patent. See Unverferth Mfg. Co., Inc. v. Meridian Mfg. Grp., Inc., No. 3:12-cv-02248-JJH (N.D. Ohio Sept. 5, 2012) (D.I. 1).

18. Upon information and belief, Defendant had knowledge of Unverferth’s ’940 and ’123 patents, which are continuations of the ’047 patent, prior to the filing of this Complaint.

19. Upon information and belief, Defendant has continued to use, manufacture, sell, and/or offer for sale seed tender products that practice the ’047, ’940, and ’123 patents after learning of Unverferth’s ’047, ’940, and ’123 patents.

## DEFENDANT’S INFRINGING ACTS

### Infringement of the ’047 Patent

20. Defendant has manufactured, used, sold and/or offered for sale, and currently manufactures, uses, sells, and/or offers for sale products in and/or into the United States that infringe at least claim 1 of the ’047 patent under United States law. Non-limiting examples of Defendant’s products that infringe the ’047 patent include Meridian’s Seed Express seed tenders, such as the Seed Express 400 SLD and 405 SLD series models (the “Accused Products”). Annotated photographs of Meridian’s Accused Products are attached hereto as Exhibit D, Figures 1-8.

21. Defendant's Accused Products are a seed or grain tender including a frame, a main hopper mounted on the frame and having a main hopper discharge.

22. Defendant's Accused Products include a base mounted on the frame below the main hopper discharge.

23. Defendant's Accused Products include a support arm having first and second ends.

24. Defendant's Accused Products include a first coupling connecting the first end of the support arm with the base, the first coupling being rotatable in relation to the base about a first vertical axis of rotation, and the first end of the support arm being rotatable in relation to the first coupling about a first horizontal axis of rotation.

25. Defendant's Accused Products include a conveyor having a longitudinal axis and first and second ends, a conveyor hopper at the first end, a conveyor discharge at the second end, and an internal elevator for moving seed or grain from the conveyor hopper to the conveyor discharge.

26. Defendant's Accused Products include a second coupling connecting the second end of the support arm with the conveyor at an approximate center of gravity of the conveyor, the second coupling defining a second vertical axis of rotation that is not parallel to the conveyor longitudinal axis, and the conveyor being rotatable in relation to the second end of the support arm about the second vertical axis of rotation between an unloading position wherein the conveyor hopper is disposed below the main hopper discharge to receive agricultural product from the main hopper and a loading position wherein the conveyor discharge is disposed above the main hopper to dispense agricultural product into the main hopper.

## Infringement of the ’940 Patent

27. Defendant has manufactured, used, sold and/or offered for sale, and currently manufactures, uses, sells, and/or offers for sale products in and/or into the United States that also infringe at least claim 16 of the ’940 patent under United States law. Non-limiting examples of Defendant’s products that infringe the ’940 patent include the Accused Products.

28. Defendant’s Accused Products are a seed or grain tender including a main hopper having a main hopper discharge.

29. Defendant’s Accused Products include a base positioned below the main hopper.

30. Defendant’s Accused Products include a support arm having first and second ends.

31. Defendant’s Accused Products include a first coupling connecting the first end of the support arm with the base, the first coupling being rotatable in relation about a first vertical axis of rotation, and the first end of the support arm being rotatable about a first horizontal axis of rotation.

32. Defendant’s Accused Products include a conveyor having a longitudinal axis and first and second ends, a conveyor hopper at the first end, and a conveyor discharge at the second end.

33. Defendant’s Accused Products include a second coupling connecting the second end of the support arm with the conveyor at an approximate center of gravity of the conveyor, the second coupling defining a first conveyor axis of rotation that is not parallel to the conveyor longitudinal axis, and the conveyor being rotatable about the first conveyor axis of rotation between an unloading position wherein the conveyor hopper is disposed below the main hopper discharge to receive agricultural product from the main hopper and a loading position wherein

the conveyor discharge is disposed above the main hopper to dispense agricultural product into the main hopper.

**Infringement of the '123 Patent**

34. Defendant has manufactured, used, sold and/or offered for sale, and currently manufactures, uses, sells, and/or offers for sale products in and/or into the United States that infringe at least claim 1 of the '123 patent under United States law. Non-limiting examples of Defendant's products that infringe the '123 patent include the Accused Products.

35. Defendant's Accused Products are a seed or grain tender including a main hopper having a main hopper discharge.

36. Defendant's Accused Products include a support arm having first and second ends.

37. Defendant's Accused Products include a first end of the support arm being located below the main hopper and being rotatable in relation about a first axis of rotation.

38. Defendant's Accused Products include a first end of the support arm being rotatable about a second axis of rotation that is perpendicular to the first axis of rotation.

39. Defendant's Accused Products include a conveyor having a longitudinal axis and first and second ends, a conveyor hopper at the first end, a conveyor discharge at the second end, and an internal elevator for moving seed or grain from the conveyor hopper to the conveyor discharge.

40. Defendant's Accused Products include a second end of the support arm that is coupled with the conveyor between the first and second ends of the conveyor.

41. Defendant's Accused Products include a conveyor that is rotatable about a third axis of rotation at the second end of the support arm that is not parallel to the conveyor longitudinal axis.

42. Defendant's Accused Products include a conveyor that is rotatable in relation to the second end of the support arm about the third axis of rotation between an unloading position wherein the conveyor hopper is disposed below the main hopper discharge to receive agricultural product from the main hopper and a loading position wherein the conveyor discharge is disposed above the main hopper to dispense agricultural product into the main hopper.

43. Defendant's Accused Products include a hydraulic piston extending at an acute angle relative to a horizontal plane to connect with a portion of the support arm spaced from the second axis of rotation.

44. Upon information and belief, Defendant reverse-engineered and copied Plaintiff's seed tender products when designing Defendant's Seed Express seed tender products.

**COUNT 1**
**(Direct Infringement of the '047 Patent)**

45. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-44 above, as if set forth herein.

46. Defendant has directly infringed and is directly infringing at least claim 1 of the '047 patent by making, using, offering for sale, and/or selling at least the Accused Products, and will continue to do so unless enjoined by this Court.

47. Defendant's direct infringement of the '047 patent has damaged and will continue to damage Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

48. Defendant had knowledge of the ’047 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’047 patent.

**COUNT 2**
**(Indirect Infringement of the ’047 Patent)**

49. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-48 above, as if set forth herein.

50. Defendant is inducing infringement of at least claim 1 of the ’047 patent under 35 U.S.C. § 271(b) by actively encouraging third parties, such as equipment dealers, to offer for sale and sell the Accused Products while knowing such offers for sale and sales constitute infringement. Defendant provides marketing and advertising information to equipment dealers to promote the infringing sales and offers for sale. Exemplary marketing and advertising materials are attached hereto as Exhibit E.

51. Defendant is also inducing infringement of at least claim 1 of the ’047 patent under 35 U.S.C. § 271(b) by encouraging third parties, such as customers, to use the Accused Products while knowing that such uses constitute infringement. Defendant provides product manuals to customers to encourage the infringing use. An exemplary product manual is attached hereto as Exhibit F.

52. Despite having knowledge of the ’047 patent, Defendant has continued to actively encourage third parties, such as customers and equipment dealers, to infringe the ’047 patent. The marketing and advertising information attached hereto as Exhibit E and the product manual attached hereto as Exhibit F continue to be made available to equipment dealers and customers after Defendant had knowledge of the ’047 patent.

53. Defendant's indirect infringement of the '047 patent has damaged and will continue to damage Plaintiff. Defendant's indirect infringement will also continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

54. Defendant had knowledge of the '047 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the '047 patent.

**COUNT 3**
**(Direct Infringement of the '940 Patent)**

55. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-54 above, as if set forth herein.

56. Defendant has directly infringed and is directly infringing at least claim 16 of the '940 patent by making, using, offering for sale, and/or selling at least the Accused Products, and will continue to do so unless enjoined by this Court.

57. Defendant's direct infringement of the '940 patent has damaged and will continue to damage Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

58. Upon information and belief, Defendant had knowledge of the '940 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the '940 patent.

**COUNT 4**
**(Indirect Infringement of the '940 Patent)**

59. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-58 above, as if set forth herein.

60. Defendant is inducing infringement of at least claim 16 of the ’940 patent under 35 U.S.C. § 271(b) by actively encouraging third parties, such as equipment dealers, to offer for sale and sell the Accused Products while knowing such offers for sale and sales constitute infringement. Defendant provides marketing and advertising information to equipment dealers, and other incentives, to promote the infringing sales and offers for sale. Exemplary marketing and advertising materials are attached hereto as Exhibit E.

61. Defendant is also inducing infringement of at least claim 16 of the ’940 patent under 35 U.S.C. § 271(b) by encouraging third parties, such as customers, to use the Accused Products while knowing that such uses constitute infringement. Defendant provides product manuals to customers to encourage the infringing use. An exemplary product manual is attached hereto as Exhibit F.

62. Upon information and belief, despite having knowledge of the ’940 patent, Defendant has continued to actively encourage third parties, such as customers and equipment dealers, to infringe the ’940 patent. The marketing and advertising information attached hereto as Exhibit E and the product manual attached hereto as Exhibit F continues to be made available to equipment dealers and customers after Defendant had knowledge of the ’940 patent.

63. Defendant’s indirect infringement of the ’940 patent has damaged and will continue to damage Plaintiff. Defendant’s indirect infringement will also continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

64. Upon information and belief, Defendant had knowledge of the ’940 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’940 patent.

**COUNT 5**
**(Direct Infringement of the ’123 Patent)**

65. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-64 above, as if set forth herein.

66. Defendant has directly infringed and is directly infringing at least claim 1 of the ’123 patent by making, using, offering for sale and/or selling at least the Accused Products, and will continue to do so unless enjoined by this Court.

67. Defendant’s direct infringement of the ’123 patent has damaged and will continue to damage Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

68. Upon information and belief, Defendant had knowledge of the ’123 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’123 patent.

**COUNT 6**
**(Indirect Infringement of the ’123 Patent)**

69. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-68 above, as if set forth herein.

70. Defendant is inducing infringement of at least claim 1 of the ’123 patent under 35 U.S.C. § 271(b) by actively encouraging third parties, such as equipment dealers, to offer for sale and sell the Accused Products while knowing such offers for sale and sales constitute infringement. Defendant provides marketing and advertising information to equipment dealers, and other incentives, to promote the infringing sales and offers for sale. Exemplary marketing and advertising materials are attached hereto as Exhibit E.

71. Defendant is also inducing infringement of at least claim 1 of the ’123 patent under 35 U.S.C. § 271(b) by encouraging third parties, such as customers, to use the Accused Products while knowing that such uses constitute infringement. Defendant provides product manuals to customers to encourage the infringing use. An exemplary product manual is attached hereto as Exhibit F.

72. Upon information and belief, despite having knowledge of the ’123 patent, Defendant has continued to actively encourage third parties, such as equipment dealers, to infringe the ’123 patent. The marketing and advertising information attached hereto as Exhibit E and the product manual attached hereto as Exhibit F continues to be made available to equipment dealers and customers after Defendant had knowledge of the ’123 patent.

73. Defendant’s indirect infringement of the ’123 patent has damaged and will continue to damage Plaintiff. Defendant’s indirect infringement will also continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

74. Upon information and belief, Defendant had knowledge of the ’123 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’123 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment that:

A. The ’047, ’940, and ’123 patents are valid and enforceable;

B. The ’047, ’940, and ’123 patents are directly infringed by Defendant;

C. The ’047, ’940, and ’123 patents are indirectly infringed by Defendant;

D. Defendant has willfully infringed the ’047, ’940, and ’123 patents;

E. Defendant be permanently enjoined from manufacturing, using, selling and offering to sell the infringing products in the United States prior to the expiration of the '047, '940, and '123 patents;

F. Plaintiff be awarded damages adequate to compensate it for Defendant's infringement of the '047, '940, and '123 patents including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

G. This case is exceptional within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Plaintiff; and

H. Plaintiff be awarded such further relief as the Court may deem just, necessary, and/or proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 23, 2019

Respectfully submitted,

*/s/ Michael A. Dee*

Michael A. Dee, AT0002043

BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, Iowa 50309-2510
Phone: (515) 242-2400
Fax: (515) 283-0231
E-mail: md@brownwinick.com

*Counsel for Plaintiff Unverferth Mfg. Co., Inc.*