**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNVERFERTH MFG. CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN MFG., INC.,<br><br>Defendant. | Case No. 5:19-cv-4005<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUTERCLAIMS**

Defendant, Meridian Manufacturing, Inc. ("Meridian" or "Defendant," where appropriate) answers Plaintiff Unverferth Manufacturing Company, Inc.'s ("Unverferth" or "Plaintiff," where appropriate) Complaint for Patent Infringement and Demand for Jury Trial. Defendant hereby responds to the numbered paragraphs of the Complaint, and in doing so repeats the headings and paragraphs of the Complaint, but denies all allegations and legal arguments made in headings and paragraphs of the Complaint except as specifically stated herein.

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale, and/or offer for sale by Defendant of certain of its seed tender products including, for example, Meridian's Seed Express seed tender products.

**ANSWER:** Defendant admits this is a civil action alleging patent infringement and that Meridian manufactures, sells and offers for sale Seed Express seed loading and delivery system products, but denies the remainder of this paragraph.

## THE PARTIES

2. Plaintiff Unverferth is a corporation organized and existing under the laws of the State of Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth also operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph of the Complaint, and therefore denies the same.

3. Defendant Meridian is a corporation organized and existing under the laws of the State of Iowa having a place of business at 2902 Expansion Blvd., Storm Lake, Buena Vista County, Iowa 50588.

**ANSWER:** Defendant admits the allegations contained in this paragraph of the Complaint.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Defendant admits the allegations contained in this paragraph of the Complaint.

5. Defendant is incorporated in the State of Iowa and has a regular and established place of business at 2902 Expansion Blvd., Storm Lake, Iowa 50588, which is located within this judicial district. Defendant has manufactured, used, offered for sale and/or sold, and currently manufactures, uses, offers for sale, and/or sells infringing products, including the Seed Express seed tender products, at Defendant's facilities in this judicial district.

**ANSWER:** Defendant admits it is incorporated in the State of Iowa and has a regular and established place of business at 2902 Expansion Blvd., Storm Lake, Iowa 50588, which is

located within this judicial district and that it manufactured, offered for sale and/or sold, and currently manufactures, offers for sale, and/or sells products, including the Seed Express seed loading and delivery system products, at Defendant's facilities in this judicial district. Defendant denies the remaining allegations in this paragraph.

6. Defendant has placed its infringing products into the stream of commerce with the expectation that they will be offered for sale, sold and used in this judicial district. By way of example, and upon information and belief, Defendant's infringing Seed Express seed tender products have been and are currently available at Defendant's facilities at 2902 Expansion Blvd., Storm Lake, Iowa 50588, which are located within this judicial district. Upon information and belief, Defendant has also offered for sale and/or sold infringing Seed Express seed tender products through dealers at locations within this judicial district and the state of Iowa, including for example, Renze Feed Corp., located at 302 E 6th Street, Wall Lake, Iowa 51466.

**ANSWER:** Defendant admits Defendant has placed its products into the stream of commerce with the expectation that they will be offered for sale, sold and used in this judicial district. Defendant admits its Seed Express seed loading and delivery system products have been and are currently available at Defendant's facilities at 2902 Expansion Blvd., Storm Lake, Iowa 50588, which are located within this judicial district. Defendant denies the remaining allegations of this paragraph of the Complaint.

7. This Court has personal jurisdiction over Defendant.

**ANSWER:** Defendant admits this Court has personal jurisdiction over Defendant.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Defendant admits venue is proper in this Court.

## THE PATENTS-IN-SUIT

9. On July 17, 2012, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 8,221,047 ("the '047 patent"), which is attached hereto as Exhibit A.

**ANSWER:** Defendant admits the '047 patent was issued by the USPTO on July 17, 2012. Defendant denies the remaining allegations in this paragraph of the Complaint.

10. Plaintiff Unverferth is the owner of all right, title and interest in and to the'047 patent, including the right to sue for and recover all past, present and future damages for infringement of the '047 patent.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph of the Complaint, and therefore denies the same.

11. On March 3, 2015, the USPTO duly and legally issued U.S. Patent No. 8,967,940 ("the '940 patent"), which is attached hereto as Exhibit B.

**ANSWER:** Defendant admits the '940 patent was issued by the USPTO on March 3, 2015. Defendant denies the remaining allegations in this paragraph of the Complaint.

12. Plaintiff Unverferth is the owner of all right, title and interest in and to the '940 patent, including the right to sue for and recover all past, present and future damages for infringement of the '940 patent.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph of the Complaint, and therefore denies the same.

13. On August 29, 2017, the USPTO duly and legally issued U.S. Patent No. 9,745,123 ("the '123 patent"), which is attached hereto as Exhibit C.

**ANSWER:** Defendant admits the ‘123 patent was issued by the USPTO on August 29, 2017. Defendant denies the remaining allegations in this paragraph of the Complaint.

14. Plaintiff Unverferth is the owner of all right, title and interest in and to the’123 patent, including the right to sue for and recover all past, present and future damages for infringement of the ’123 patent.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph of the Complaint, and therefore denies the same.

15. Plaintiff Unverferth manufactures, uses, sells, and/or offers for sale seed tender products that practice the ’047, ’940, and ’123 patents, including by way of example its Seed Runner 2750, Seed Runner 2755, Seed Runner 2755XL, Seed Runner 3750, Seed Runner 3750XL, Seed Runner 3755, Seed Runner 3755XL, Seed Runner 3955XL, Seed Runner 3955DXL, Seed Runner 4955DXL, Seed Runner 5000, Seed Pro 200, Seed Pro 210, Seed Pro 400, Seed Pro 410, and Seed Pro 410XL products.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph of the Complaint, and therefore denies the same.

16. Plaintiff has complied with the statutory marking provisions of 35 U.S.C. § 287(a) with respect to the ’047, ’940, and ’123 patents. Unverferth has affixed a serial number decal to its products that identifies the ’047, ’940, and ’123 patents and/or a publicly accessible website that identifies the ’047, ’940, and ’123 patents.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in this paragraph of the Complaint, and therefore denies the same.

17. Defendant had knowledge of Unverferth’s seed tender products and the ’047 patent no later than September 5, 2012. On September 5, 2012, Plaintiff Unverferth served

Defendant with a Complaint asserting that Defendant's seed tender products that existed at the time infringed the '047 patent. See Unverferth Mfg. Co., Inc. v. Meridian Mfg. Grp., Inc., No. 3:12-cv-02248-JJH (N.D. Ohio Sept. 5, 2012) (D.I. 1).

**ANSWER:** Defendant admits it generally has knowledge of Unverferth's seed loading and delivery system products, that it was aware of the '047 patent no later than September 5, 2012, and that a prior lawsuit was filed against Defendant alleging infringement of the '047 patent on Sept. 5, 2012 which was settled on mutually agreeable terms. Defendant denies the remaining allegations contained in this paragraph of the Complaint.

18. Upon information and belief, Defendant had knowledge of Unverferth's '940 and '123 patents, which are continuations of the '047 patent, prior to the filing of this Complaint.

**ANSWER:** Defendant denies the allegations of this paragraph of the Complaint.

19. Upon information and belief, Defendant has continued to use, manufacture, sell, and/or offer for sale seed tender products that practice the '047, '940, and '123 patents after learning of Unverferth's '047, '940, and '123 patents.

**ANSWER:** Defendant denies the allegations of this paragraph of the Complaint.

## DEFENDANT'S INFRINGING ACTS

### Infringement of the '047 Patent

20. Defendant has manufactured, used, sold and/or offered for sale, and currently manufactures, uses, sells, and/or offers for sale products in and/or into the United States that infringe at least claim 1 of the '047 patent under United States law. Non-limiting examples of Defendant's products that infringe the '047 patent include Meridian's Seed Express seed tenders, such as the Seed Express 400 SLD and 405 SLD series models (the "Accused Products").

Annotated photographs of Meridian's Accused Products are attached hereto as Exhibit D, Figures 1-8.

**ANSWER:** Defendant admits Defendant's products include the Meridian Seed Express seed loading and delivery systems, including the Seed Express 400 SLD and 405 SLD series models and that such products have been manufactured, used, sold and offered for sale in the United States. Defendant denies the remaining allegations of this paragraph of the Complaint.

21. Defendant's Accused Products are a seed or grain tender including a frame, a main hopper mounted on the frame and having a main hopper discharge.

**ANSWER:** Defendant admits its products include seed loading and delivery systems that have a main hopper with a main hopper discharge. However, to the extent these allegations incorporate allegations of infringement, the allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

22. Defendant's Accused Products include a base mounted on the frame below the main hopper discharge.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations and specifically denies that any of Defendant's products includes a base mounted on the frame below the main hopper discharge.

23. Defendant's Accused Products include a support arm having first and second ends.


Case 5:19-cv-04005-LTS-KEM Document 12 Filed 02/14/19 Page 7 of 39

**ANSWER:** Defendant admits its products include a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

24. Defendant's Accused Products include a first coupling connecting the first end of the support arm with the base, the first coupling being rotatable in relation to the base about a first vertical axis of rotation, and the first end of the support arm being rotatable in relation to the first coupling about a first horizontal axis of rotation.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

25. Defendant's Accused Products include a conveyor having a longitudinal axis and first and second ends, a conveyor hopper at the first end, a conveyor discharge at the second end, and an internal elevator for moving seed or grain from the conveyor hopper to the conveyor discharge.

**ANSWER:** Defendant admits its products include conveyor. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

26. Defendant's Accused Products include a second coupling connecting the second end of the support arm with the conveyor at an approximate center of gravity of the conveyor, the second coupling defining a second vertical axis of rotation that is not parallel to the conveyor longitudinal axis, and the conveyor being rotatable in relation to the second end of the support arm about the second vertical axis of rotation between an unloading position wherein the conveyor hopper is disposed below the main hopper discharge to receive agricultural product

from the main hopper and a loading position wherein the conveyor discharge is disposed above the main hopper to dispense agricultural product into the main hopper.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

**Infringement of the ’940 Patent**

27. Defendant has manufactured, used, sold and/or offered for sale, and currently manufactures, uses, sells, and/or offers for sale products in and/or into the United States that also infringe at least claim 16 of the ’940 patent under United States law. Non-limiting examples of Defendant’s products that infringe the ’940 patent include the Accused Products.

**ANSWER:** Defendant denies the allegations in this paragraph of the Complaint.

28. Defendant’s Accused Products are a seed or grain tender including a main hopper having a main hopper discharge.

**ANSWER:** Defendant admits its products include seed loading and delivery systems that have a main hopper with a main hopper discharge. However, to the extent these allegations incorporate allegations of infringement, the allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

29. Defendant’s Accused Products include a base positioned below the main hopper.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations and specifically denies that any of Defendant’s products includes a base mounted on the frame below the main hopper discharge.

30. Defendant's Accused Products include a support arm having first and second ends.

**ANSWER:** Defendant admits its products include a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

31. Defendant's Accused Products include a first coupling connecting the first end of the support arm with the base, the first coupling being rotatable in relation about a first vertical axis of rotation, and the first end of the support arm being rotatable about a first horizontal axis of rotation.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

32. Defendant's Accused Products include a conveyor having a longitudinal axis and first and second ends, a conveyor hopper at the first end, and a conveyor discharge at the second end.

**ANSWER:** Defendant admits its products include conveyor. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

33. Defendant's Accused Products include a second coupling connecting the second end of the support arm with the conveyor at an approximate center of gravity of the conveyor, the second coupling defining a first conveyor axis of rotation that is not parallel to the conveyor longitudinal axis, and the conveyor being rotatable about the first conveyor axis of rotation between an unloading position wherein the conveyor hopper is disposed below the main hopper discharge to receive agricultural product from the main hopper and a loading position wherein

the conveyor discharge is disposed above the main hopper to dispense agricultural product into the main hopper.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

**<u>Infringement of the '123 Patent</u>**

34. Defendant has manufactured, used, sold and/or offered for sale, and currently manufactures, uses, sells, and/or offers for sale products in and/or into the United States that infringe at least claim 1 of the '123 patent under United States law. Non-limiting examples of Defendant's products that infringe the '123 patent include the Accused Products.

**ANSWER:** Defendant denies the allegations in this paragraph of the Complaint.

35. Defendant's Accused Products are a seed or grain tender including a main hopper having a main hopper discharge.

**ANSWER:** Defendant admits its products include seed loading and delivery systems that have a main hopper with a main hopper discharge. However, to the extent these allegations incorporate allegations of infringement, the allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

36. Defendant's Accused Products include a support arm having first and second ends.

**ANSWER:** Defendant admits its products include a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

37. Defendant's Accused Products include a first end of the support arm being located below the main hopper and being rotatable in relation about a first axis of rotation.

**ANSWER:** Defendant admits its products include a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

38. Defendant's Accused Products include a first end of the support arm being rotatable about a second axis of rotation that is perpendicular to the first axis of rotation.

**ANSWER:** Defendant admits its products include a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

39. Defendant's Accused Products include a conveyor having a longitudinal axis and first and second ends, a conveyor hopper at the first end, a conveyor discharge at the second end, and an internal elevator for moving seed or grain from the conveyor hopper to the conveyor discharge.

**ANSWER:** Defendant admits its products include a conveyor. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

40. Defendant's Accused Products include a second end of the support arm that is coupled with the conveyor between the first and second ends of the conveyor.

**ANSWER:** Defendant admits its products include a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

41. Defendant's Accused Products include a conveyor that is rotatable about a third axis of rotation at the second end of the support arm that is not parallel to the conveyor longitudinal axis.

**ANSWER:** Defendant admits its products include a conveyor. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

42. Defendant's Accused Products include a conveyor that is rotatable in relation to the second end of the support arm about the third axis of rotation between an unloading position wherein the conveyor hopper is disposed below the main hopper discharge to receive agricultural product from the main hopper and a loading position wherein the conveyor discharge is disposed above the main hopper to dispense agricultural product into the main hopper.

**ANSWER:** Defendant admits its products include a conveyor and a support arm. However, these allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies the remainder of these allegations.

43. Defendant's Accused Products include a hydraulic piston extending at an acute angle relative to a horizontal plane to connect with a portion of the support arm spaced from the second axis of rotation.

**ANSWER:** These allegations involve claim terms which have not yet been exchanged by the Parties or construed by the Court. Defendant therefore denies these allegations.

44. Upon information and belief, Defendant reverse-engineered and copied Plaintiff's seed tender products when designing Defendant's Seed Express seed tender products.

**ANSWER:** Defendant denies these allegations.

**COUNT 1**

**(Direct Infringement of the ’047 Patent)**

45. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-44 above, as if set forth herein.

**ANSWER:** Defendant incorporates and realleges, as fully set forth herein the responses contained in the forgoing paragraphs of this Answer.

46. Defendant has directly infringed and is directly infringing at least claim 1 of the ’047 patent by making, using, offering for sale, and/or selling at least the Accused Products, and will continue to do so unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

47. Defendant’s direct infringement of the ’047 patent has damaged and will continue to damage Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

48. Defendant had knowledge of the ’047 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’047 patent.

**ANSWER:** Defendant denies these allegations.

**COUNT 2**

**(Indirect Infringement of the ’047 Patent)**

49. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-48 above, as if set forth herein.

**ANSWER:** Defendant incorporates and realleges, as fully set forth herein the responses contained in the forgoing paragraphs of this Answer.

50. Defendant is inducing infringement of at least claim 1 of the ’047 patent under 35 U.S.C. § 271(b) by actively encouraging third parties, such as equipment dealers, to offer for sale and sell the Accused Products while knowing such offers for sale and sales constitute infringement. Defendant provides marketing and advertising information to equipment dealers to promote the infringing sales and offers for sale. Exemplary marketing and advertising materials are attached hereto as Exhibit E.

**ANSWER:** Defendant denies these allegations.

51. Defendant is also inducing infringement of at least claim 1 of the ’047 patent under 35 U.S.C. § 271(b) by encouraging third parties, such as customers, to use the Accused Products while knowing that such uses constitute infringement. Defendant provides product manuals to customers to encourage the infringing use. An exemplary product manual is attached hereto as Exhibit F.

**ANSWER:** Defendant denies these allegations.

52. Despite having knowledge of the ’047 patent, Defendant has continued to actively encourage third parties, such as customers and equipment dealers, to infringe the ’047 patent. The marketing and advertising information attached hereto as Exhibit E and the product manual attached hereto as Exhibit F continue to be made available to equipment dealers and customers after Defendant had knowledge of the ’047 patent.

**ANSWER:** Defendant denies these allegations.

53. Defendant's indirect infringement of the '047 patent has damaged and will continue to damage Plaintiff. Defendant's indirect infringement will also continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

54. Defendant had knowledge of the '047 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the '047 patent.

**ANSWER:** Defendant denies these allegations.

## COUNT 3

## (Direct Infringement of the '940 Patent)

55. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-54 above, as if set forth herein.

**ANSWER:** Defendant incorporates and realleges, as fully set forth herein the responses contained in the forgoing paragraphs of this Answer.

56. Defendant has directly infringed and is directly infringing at least claim 16 of the '940 patent by making, using, offering for sale, and/or selling at least the Accused Products, and will continue to do so unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

57. Defendant's direct infringement of the '940 patent has damaged and will continue to damage Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

58. Upon information and belief, Defendant had knowledge of the ’940 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’940 patent.

**ANSWER:** Defendant denies these allegations.

**COUNT 4**

**(Indirect Infringement of the ’940 Patent)**

59. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-58 above, as if set forth herein.

**ANSWER:** Defendant incorporates and realleges, as fully set forth herein the responses contained in the forgoing paragraphs of this Answer.

60. Defendant is inducing infringement of at least claim 16 of the ’940 patent under 35 U.S.C. § 271(b) by actively encouraging third parties, such as equipment dealers, to offer for sale and sell the Accused Products while knowing such offers for sale and sales constitute infringement. Defendant provides marketing and advertising information to equipment dealers, and other incentives, to promote the infringing sales and offers for sale. Exemplary marketing and advertising materials are attached hereto as Exhibit E.

**ANSWER:** Defendant denies these allegations.

61. Defendant is also inducing infringement of at least claim 16 of the ’940 patent under 35 U.S.C. § 271(b) by encouraging third parties, such as customers, to use the Accused Products while knowing that such uses constitute infringement. Defendant provides product manuals to customers to encourage the infringing use. An exemplary product manual is attached hereto as Exhibit F.

**ANSWER:** Defendant denies these allegations.

62. Upon information and belief, despite having knowledge of the ’940 patent, Defendant has continued to actively encourage third parties, such as customers and equipment dealers, to infringe the ’940 patent. The marketing and advertising information attached hereto as Exhibit E and the product manual attached hereto as Exhibit F continues to be made available to equipment dealers and customers after Defendant had knowledge of the ’940 patent.

**ANSWER:** Defendant denies these allegations.

63. Defendant’s indirect infringement of the ’940 patent has damaged and will continue to damage Plaintiff. Defendant’s indirect infringement will also continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

64. Upon information and belief, Defendant had knowledge of the ’940 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’940 patent.

**ANSWER:** Defendant denies these allegations.

## COUNT 5

## (Direct Infringement of the ’123 Patent)

65. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-64 above, as if set forth herein.

**ANSWER:** Defendant incorporates and realleges, as fully set forth herein the responses contained in the forgoing paragraphs of this Answer.

66. Defendant has directly infringed and is directly infringing at least claim 1 of the ’123 patent by making, using, offering for sale and/or selling at least the Accused Products, and will continue to do so unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

67. Defendant's direct infringement of the '123 patent has damaged and will continue to damage Plaintiff and will continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

68. Upon information and belief, Defendant had knowledge of the '123 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the '123 patent.

**ANSWER:** Defendant denies these allegations.

**COUNT 6**

**(Indirect Infringement of the '123 Patent)**

69. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-68 above, as if set forth herein.

**ANSWER:** Defendant incorporates and realleges, as fully set forth herein the responses contained in the forgoing paragraphs of this Answer.

70. Defendant is inducing infringement of at least claim 1 of the '123 patent under 35 U.S.C. § 271(b) by actively encouraging third parties, such as equipment dealers, to offer for sale and sell the Accused Products while knowing such offers for sale and sales constitute infringement. Defendant provides marketing and advertising information to equipment dealers, and other incentives, to promote the infringing sales and offers for sale. Exemplary marketing and advertising materials are attached hereto as Exhibit E.

**ANSWER:** Defendant denies these allegations.

71. Defendant is also inducing infringement of at least claim 1 of the ’123 patent under 35 U.S.C. § 271(b) by encouraging third parties, such as customers, to use the Accused Products while knowing that such uses constitute infringement. Defendant provides product manuals to customers to encourage the infringing use. An exemplary product manual is attached hereto as Exhibit F.

**ANSWER:** Defendant denies these allegations.

72. Upon information and belief, despite having knowledge of the ’123 patent, Defendant has continued to actively encourage third parties, such as equipment dealers, to infringe the ’123 patent. The marketing and advertising information attached hereto as Exhibit E and the product manual attached hereto as Exhibit F continues to be made available to equipment dealers and customers after Defendant had knowledge of the ’123 patent.

**ANSWER:** Defendant denies these allegations.

73. Defendant’s indirect infringement of the ’123 patent has damaged and will continue to damage Plaintiff. Defendant’s indirect infringement will also continue to cause Plaintiff substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Defendant denies these allegations.

74. Upon information and belief, Defendant had knowledge of the ’123 patent prior to the filing of this Complaint. Upon information and belief, Defendant has willfully infringed, and continues to willfully infringe, the ’123 patent.

**ANSWER:** Defendant denies these allegations.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

A. Defendant denies that Plaintiffs are entitled to the relief requested and such is not a proper request for relief.

B. Defendant denies that Plaintiffs are entitled to the relief requested.

C. Defendant denies that Plaintiffs are entitled to the relief requested.

D. Defendant denies that Plaintiffs are entitled to the relief requested.

E. Defendant denies that Plaintiffs are entitled to the relief requested,

F. Defendant denies that Plaintiffs are entitled to the relief requested, because Plaintiff is not entitled to any monetary damages or profits.

G. Defendant denies that Plaintiffs are entitled to the relief requested.

H. Defendant denies that Plaintiffs are entitled to the relief requested.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S JURY DEMAND

Defendant joins Plaintiff's demand and demands a trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant asserts the following affirmative defenses to Plaintiffs' Complaint, and Defendant expressly reserves the right to assert additional affirmative defenses that further investigation, discovery, or otherwise revealed facts may indicate.

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, the asserted claims of the '047,

‘940, and ‘123 patents are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 of the United States Code, including, but not limited to §§ 102, 103, and/or 112.

3. Meridian has not infringed any valid and enforceable claim of the ‘047 patent and, therefore, is not liable for infringement of the ‘047 patent.

4. Meridian has not infringed any valid and enforceable claim of the ‘940 patent and, therefore, is not liable for infringement of the ‘940 patent.

5. Meridian has not infringed any valid and enforceable claim of the ‘123 patent and, therefore, is not liable for infringement of the ‘123 patent.

6. Plaintiff’s Claims are barred by the equitable doctrines of waiver, acquiescence, and estoppel.

7. Plaintiff’s claims are barred in whole or in part under 35 U.S.C. § 286. Specifically, Plaintiff is barred from seeking damages for any alleged infringement by Defendant that occurred more than six years prior to Plaintiff’s filing of its Complaint.

8. Meridian reserves the right to assert any additional affirmative defense that may arise during the pendency of this litigation.

## DEFENDANT’S PRAYER FOR RELIEF

WHEREFORE, Meridian prays for judgment dismissing Plaintiff’s Complaint with prejudice and award Unverferth nothing in this action; that the Court deny Unverferth all requested relief, including injunctive and other equitable relief in this action; that the Court declare this case exceptional pursuant to 35 U.S.C. § 285 and award Meridian its costs and attorneys’ fees plus interest and prejudgment interest thereon; and that this Court grant such other and further relief to Meridian as this Court may deem just and equitable.

## MERIDIAN'S COUNTERCLAIMS

Pursuant to Federal Rules of Civil Procedure 13(b), 13(h) and 20(a), for it counterclaims against Unverferth Mfg. Co., Inc. ("Unverferth" or "Counterclaim Defendant," where appropriate) Defendant and Counterclaim Plaintiff Meridian ("Counterclaim Plaintiff") alleges as follows:

## I. NATURE OF THE COUNTERCLAIMS

1. These counterclaims below seek declaratory judgment that U.S. Patent Nos. 8,221,047 ("the '047 patent"), 8,967,940 ("the '940 patent") and 9,745,123 ("the '123 patent") are invalid and not infringed.

2. These counterclaims also seek a finding Counterclaim Defendant has infringed patents owned by Counterclaim Plaintiff and a U.S. Federal Trademark Registration, and has committed false designation of origin, and unfair competition.

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and Iowa common law.

## II. THE PARTIES

4. Counterclaim Plaintiff, Meridian is a corporation organized and existing under the laws of the State of Iowa having a place of business at 2902 Expansion Blvd., Storm Lake, Buena Vista County, Iowa 50588.

5. Based on the allegations in Paragraph 2 of the Complaint, Counterclaim Defendant, Unverferth is a corporation organized and existing under the laws of the State of Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth also operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670.

## III. JURISDICTION AND VENUE

6. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, the patent laws of the United States, 35 U.S.C. § *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and Iowa common law.

7. There is an actual and justiciable controversy between the parties concerning alleged patent infringement.

8. This Court has original jurisdiction over this declaratory judgment dispute pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 13 of the Federal Rules of Civil Procedure and original jurisdiction over Meridian's patent and trademark counterclaims pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Meridian's Iowa common law unfair competition claim pursuant to 28 U.S.C. § 1367(a), as that claim arises out of the same common nucleus of operative fact as Meridian's trademark claims and thereby forms part of the same case or controversy.

10. This Court has personal jurisdiction over Counterclaim Defendant by virtue of Counterclaim Defendant voluntarily appearing in this district and asserting its infringement claims against Counterclaim Plaintiff.

11. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400, because, among other reasons, Counterclaim Defendant voluntarily appeared in this district and asserted infringement claims against Counterclaim Plaintiff.

## IV. FACTUAL BACKGROUND

12. Counterclaim Defendant claims to be the assignee and rightful owner of the ‘047, ‘940, and ‘123 patent and has brought suit against Counterclaim Plaintiff for alleged infringement of the ‘047, ‘940, and ‘123 patents.

13. Upon information and belief, Unverferth sells seed handling and delivery products under multiple brand names including, but not limited to, Parker Seed Chariot, Killbros, and Unverferth.

a. U.S. Patent No. 8,292,065

14. On October 23, 2012, the United States Patent and Trademark Office (“the USPTO”) duly and legally issued U.S. Patent No. 8,292,065 (“the ‘065 patent”) to Meridian.

15. Meridian is the owner of all right, title, and interest in and to the ‘065 patent, which is attached hereto as Exhibit 1, including the right to sue for and recover all past, present, and future damages for infringement of the ‘065 patent.

16. Counterclaim Plaintiff Meridian manufactures, uses, sells, and/or offers for sale products that practice the ‘065 patent, including its Model AF-E-20, AF-E-25, AF-E-30, AF-E-35, AF-E-40, and AF-E-45 conveyors as well as its Model 240, 240RT, 240BWT, 375RT, 375BWT, 400, 405 Titan SR2 when the conveyor option is chosen, 840, 1050 , and 1260 seed loading and delivery carts.

17. Meridian has complied with the statutory marking provisions of 35 U.S.C. § 287 with respect to the ‘065 patent that identifies the ‘065 patent or a publicly accessible website that identifies the ‘065 patent.

b. U.S. Patent No. 6,964,551

18. On November 15, 2005, the USPTO duly and legally issued U.S. Patent No. 6,964,551 ("the '551 patent") to Friesen USA, Inc.

19. Friesen USA, Inc. has assigned its rights and Meridian is the owner of all right, title, and interest in and to the '551 patent, which is attached hereto as Exhibit 2, including the right to sue for and recover all past, present, and future damages for infringement of the '551 patent.

20. Counterclaim Plaintiff Meridian manufactures, uses, sells, and/or offers for sale products that practice the '551 patent, including its Seed Titan and Seed Titan SR2 box seed loading and delivery systems.

21. Meridian has complied with the statutory marking provisions of 35 U.S.C. § 287 with respect to the '551 patent that identifies the '551 patent or a publicly accessible website that identifies the '551 patent.

c. <u>U.S. Trademark Registration No. 2,377,005</u>

22. Meridian is the exclusive owner, by assignment, of U.S. Trademark Registration No. 2,377,005 for the mark BULK SEED TENDER for seed loading and delivery system comprised of a seed storage bin and delivery auger for dispensing seed from the bin, in International Class 7 (the "'005 Mark"). A copy of this registration is attached hereto as Exhibit 3. This registration is in full force and effect.

23. Meridian's BULK SEED TENDER registration is incontestable. A copy of the Notice of Acknowledgment of Meridian's Section 15 Affidavit is attached hereto as Exhibit 4.

## V. COUNTERCLAIM DEFENDANT'S INFRINGING ACTS

a. <u>The '065 Patent: Unverferth's Infringing Acts</u>

24. Counterclaim Defendant Unverferth manufactures, uses, sells, and/or offers for sale products that practice the invention protected by the claims of the ‘065 patent, including, by way of example, its Model 210 Seed Pro, 2755 Seed Runner, 2755XL Seed Runner, 3755 Seed Runner, 3755XL Seed Runner, 3955DXL Seed Runner, 3955XL Seed Runner, 410 Seed Pro, 410XL Seed Pro, and 4955DXL Seed Runner (the currently “Accused Unverferth Cleated Belt Products”).

25. Upon information and belief, Counterclaim Defendant had knowledge of Meridian’s ‘065 patent prior to the filing of this counterclaim.

26. Upon information and belief, Counterclaim Defendant has continued to use, manufacture, sell, and offer to sell the Accused Unverferth Cleated Belt Products that practice the ‘065 patent after learning of Meridian’s ‘065 patent.

27. Counterclaim Defendant has manufactured, used, sold the Accused Unverferth Cleated Belt Products that infringe at least claim 1 of the ‘065 patent.

28. The Accused Unverferth Cleated Belt Products include an improved conveyor belt for use in a tubular conveyor.

29. The Accused Unverferth Cleated Belt Products include an endless loop belt having an outer surface, opposite left and right edges, and a longitudinal axis.

30. The Accused Unverferth Cleated Belt Products include a first set of cleats on the belt extending across the longitudinal axis at a non-perpendicular angle from left to right.

31. The Accused Unverferth Cleated Belt Products include a second set of cleats on the belt extending across the longitudinal axis at a non-perpendicular angle from right to left.

32. The Accused Unverferth Cleated Belt Products include each set of cleats including, a plurality of upstanding cleat members.

33. The Accused Unverferth Cleated Belt Products include each set of cleats having a longitudinal axis and each cleat member having a longitudinal axis, with the axes of cleat members in a set being offset from the longitudinal axis of the set.

b. The ‘551 Patent: Unverferth’s Infringing Acts

34. Counterclaim Defendant Unverferth manufactures, uses, sells, and/or offers for sale products that practice the invention protected by the claims of the ‘551 patent, including, by way of example, its Unverferth Seed Pro Bulk Box Tender, its Parker Seed Chariot Bulk Box Tender Model 1020, and its KP Killbros SeedVeyor Bulk Box Seed Tender (the currently “Accused Unverferth Box Seed Loading and Delivery System Products”).

35. Upon information and belief, Counterclaim Defendant had knowledge of Meridian’s ‘551 patent prior to the filing of this counterclaim.

36. Upon information and belief, Counterclaim Defendant has continued to use, manufacture, sell, and offer to sell the Accused Unverferth Box Seed Loading and Delivery System Products that practice the ‘551 patent after learning of Meridian’s ‘551 patent.

37. Counterclaim Defendant has manufactured, used, sold the Accused Unverferth Cleated Belt Products that infringe at least claim 12 of the ‘551 patent.

38. The Accused Unverferth Box Seed Loading and Delivery System Products include an improved trailer for transporting a bulk seed box, the box having first and second sidewalls, a bottom, a top, and a flange extending along the sidewalls adjacent the bottom of the box.

39. The Accused Unverferth Box Seed Loading and Delivery System Products include a wheeled bed for supporting a bulk seed box, the bed having a perimeter edge.

40. The Accused Unverferth Box Seed Loading and Delivery System Products include a hopper extending below the bed for receiving seed from the bulk seed box.

41. The Accused Unverferth Box Seed Loading and Delivery System Products include a conveyor operatively connected to the hopper for unloading seed from the hopper.

42. The Accused Unverferth Box Seed Loading and Delivery System Products include lock bars on the bed to overlappingly engage the flange on the seed box to secure the seed box to the bed.

43. The Accused Unverferth Box Seed Loading and Delivery System Products include each lock bar being pivotally connected to the bed for movement between an unlocked position spaced outwardly from the perimeter edge of the bed and a locked position spaced inwardly from the perimeter edge of the bed.

## VI. FIRST COUNTERCLAIM
## (Unverferth Directly and Willfully Infringes U.S. Patent No. 8,292,065)

44. Counterclaim Plaintiff repeats and re-alleges the allegations in Counterclaim Paragraphs 1-43 above as if fully set forth herein.

45. Counterclaim Defendant, Unverferth, has directly infringed and is directly infringing at least claim 1 of the ‘065 patent by making, using, offering for sale, and/or selling at least the Accused Unverferth Cleated Belt Products, and will continue to do so unless enjoined by this Court.

46. Counterclaim Defendant’s direct infringement of the ‘065 patent has damaged and will continue to damage Meridian and will continue to cause Meridian substantial and irreparable harm unless enjoined by this Court.

47. Counterclaim Defendant had knowledge of the ‘065 patent prior to the filing of this Counterclaim. Upon information and belief, Counterclaim Defendant has willfully infringed, and continues to willfully infringe, the ‘065 patent.

## VII. <u>SECOND COUNTERCLAIM</u>
## (Unverferth Directly and Willfully Infringes U.S. Patent No. 6,964,551)

48. Counterclaim Plaintiff repeats and re-alleges the allegations in Counterclaim Paragraphs 1-47 above as if fully set forth herein.

49. Counterclaim Defendant, Unverferth, has directly infringed and is directly infringing at least claim 12 of the ‘551 patent by making, using, offering for sale, and/or selling at least the Accused Unverferth Box Seed Loading and Delivery System Products, and will continue to do so unless enjoined by this Court.

50. Counterclaim Defendant’s direct infringement of the ‘551 patent has damaged and will continue to damage Meridian and will continue to cause Meridian substantial and irreparable harm unless enjoined by this Court.

51. Counterclaim Defendant had knowledge of the ‘551 patent prior to the filing of this Counterclaim. Upon information and belief, Counterclaim Defendant has willfully infringed, and continues to willfully infringe, the ‘551 patent.

## VIII. <u>THIRD COUNTERCLAIM</u>
## (Declaratory Judgment of Invalidity of U.S. Patent No. 8,221,047)

52. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-51 above as if fully set forth herein.

53. Upon information and belief, the asserted claims of the ‘047 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

54. Meridian reserves the right to amend, supplement, and add to these invalidity contentions.

55. Meridian is entitled to judgment declaring that the claims of the ‘047 patent are invalid.

## IX. FOURTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 8,221,047)**

56. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-55 above as if fully set forth herein.

57. Meridian has not infringed any claim of the ‘047 patent.

## X. FIFTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,967,940)**

58. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-57 above as if fully set forth herein.

59. Upon information and belief, the asserted claims of the ‘940 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

60. Meridian reserves the right to amend, supplement, and add to these invalidity contentions.

61. Meridian is entitled to judgment declaring that the claims of the ‘940 patent are invalid.

## XI. SIXTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 8,967,940)**

62. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-61 above as if fully set forth herein.

63. Meridian has not infringed any claim of the ‘940 patent.

## XII. <u>SEVENTH COUNTERCLAIM</u>
**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,745,123)**

64. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-63 above as if fully set forth herein.

65. Upon information and belief, the asserted claims of the ‘123 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

66. Meridian reserves the right to amend, supplement, and add to these invalidity contentions.

67. Meridian is entitled to judgment declaring that the claims of the ‘123 patent are invalid.

## XIII. <u>EIGHTH COUNTERCLAIM</u>
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 9,745,123)**

68. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-67 above as if fully set forth herein.

69. Meridian has not infringed any claim of the ‘123 patent.

## XIV. <u>NINTH COUNTERCLAIM</u>
**(Federal Trademark Infringement**
**U.S. Trademark Registration No. 2,377,005 for (BULK SEED TENDER))**

70. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-69 above as if fully set forth herein.

71. Upon information and belief, Counterclaim Defendant Unverferth has been selling, offering for sale, distributing, and advertising its seed handling and delivery products, including, but not limited to, Parker Seed Chariot Models 2620, 3620, and 1020, Killbros SeedVeyor Bulk Box Seed Tenders, and Unverferth Models 410XL, 410, 400, 201, and 200 in connection with marks and descriptions which are confusingly similar to Meridian’s “BULK SEED TENDER”

mark without Meridian's consent.

72. Counterclaim Defendant Unverferth's use of marks and descriptions confusingly similar to the "BULK SEED TENDER" mark in commerce in connection with the sale of its seed handling and delivery products including, but not limited to, Parker Seed Chariot Models 2620, 3620, and 1020, Killbros SeedVeyor Bulk Box Seed Tenders, and Unverferth Models 410XL, 410, 400, 201, and 200, is likely to cause confusion among customers, or to cause mistake, and/or to deceive consumers into believing that there is a connection, sponsorship, or association between Counterclaim-Defendant Unverferth and Counterclaim-Plaintiff Meridian.

73. Counterclaim Defendant Unverferth's use of marks and descriptions confusingly similar to Meridian's "BULK SEED TENDER" constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

74. Counterclaim Defendant Unverferth's conduct complained of herein has caused substantial and irreparable damage to Meridian and will continue to cause further irreparable damage to Meridian if it is not permanently enjoined by this court pursuant to 15 U.S.C. 1116(a) from further violation of Meridian's rights and Meridian has no adequate remedy at law.

## XV. <u>TENTH COUNTERCLAIM</u>
## (Federal False Designation of Origin and /Unfair Competition (BULK SEED TENDER))

75. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-74 above as if fully set forth herein.

76. Counterclaim-Defendant Unverferth's use of marks and descriptions confusingly similar to Meridian's "BULK SEED TENDER" mark constitutes use in commerce of a device, or a false designation of origin, or a false or misleading description or representation with respect to its goods which has caused and is likely to continue to cause confusion, to cause mistake, or to

deceive as to the affiliation, connection , or association of Counterclaim-Defendant with Counterclaim-Plaintiff, or as to the origin,  sponsorship, or approval of Counterclaim-Defendant's goods, and Meridian has been and is likely to be damaged by Unverferth's use of such symbols or device, or false designation of origin, or false or misleading description or representation, all in violation of 15 U.S.C. § 1125(a).

77. Unverferth's conduct complained of herein has caused substantial and irreparable damage to Meridian and will continue to cause further irreparable damage to Meridian if Unverferth is not permanently enjoined by this Court from further violations of Meridian's rights and Meridian has no adequate remedy at law.

## XVI. <u>ELEVENTH COUNTERCLAIM</u>
## (Iowa Common Law Unfair Competition)

78. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-77 above as if fully set forth herein.

79. Counterclaim Plaintiff has a right to compete with Counterclaim Defendant by fair and honest business methods.

80. Counterclaim Defendant Unverferth has engaged in acts of infringement of Counterclaim Plaintiff Meridian's "BULK SEED TENDER" mark in defiance of Meridian's trademark rights.

81. Counterclaim Defendant Unverferth's infringement is a direct and/or indirect representation that Unverferth's products were offered for sale in affiliation, connection, association, origin, sponsorship, or with approval of Counterclaim-Plaintiff Meridian.

82. Upon information and belief, Counterclaim Defendant Unverferth's infringing acts were done with the intent to deceive consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Unverferth's products by Meridian.

83. Upon information and belief, consumers were confused or were likely to be confused as to the affiliation, connection, association, origin, sponsorship, or approval of Counterclaim Defendant's seed handling and delivery products, including, but not limited to, the Parker Seed Chariot Models 2620, 3620, and 1020, Killbros SeedVeyor Bulk Box Seed Tenders, and Unverferth Models 410XL, 410, 400, 201, and 200.

84. As a direct and proximate result of Counterclaim Defendant Unverferth's acts complained of herein, Counterclaim Plaintiff Meridian has been damaged and is likely to be further damaged, specifically through the loss of its competitive advantage in the market and revenue associated with the sales or distribution of its seed loading and delivery system products with marks and descriptions confusingly similar to Meridian's "BULK SEED TENDER" mark.

85. Counterclaim Defendant Unverferth's conduct complained of herein has caused substantial and irreparable damage to Meridian and will continue to cause further irreparable damage to Meridian if Unverferth is not permanently enjoined by this Court from further violations of Meridian's rights and Meridian has no adequate remedy at law.

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiff requests entry of judgment in its favor and against Plaintiff/Counterclaim Defendant as follows:

A. That the '065 patent is not invalid or unenforceable;

B. That Unverferth directly infringed the '065 patent;

C. That Unverferth's infringement of the '065 patent was willful;

D. That Unverferth be permanently enjoined from manufacturing, using, selling, and offering to sell the infringing products in the United States prior to the expiration of the '065 patent;

E. That the '551 patent is not invalid or unenforceable;

F. That Unverferth directly infringed the '551 patent;

G. That Unverferth's infringement of the '551 patent was willful;

H. That Unverferth be permanently enjoined from manufacturing, using, selling, and offering to sell the infringing products in the United States prior to the expiration of the '551 patent;

I. That Meridian be awarded its damages adequate to compensate it for Unverferth's infringement, including any and all lost profits, but in an amount which is no lower than a reasonable royalty and that such damages be trebled according to 35 U.S.C. § 284;

J. That this case be found exceptional within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Meridian;

K. That the '047, '940, and '123 patents be declared invalid for failure to comply with the conditions and requirements of patentability specified in Title 35 of the United States Code;

L. That the Court declare Meridian has not infringed the '047, '940, and '123 patents;

M. That Unverferth infringed the '005 Mark in violation of 15 U.S.C. § 1114(1);

N. That Unverferth falsely designated its goods in violation of 15 U.S.C. § 1125(a);

O. That Unverferth competed unfairly against Meridian in violation of the Iowa common law;

P. That Unverferth be permanently enjoined from using in any manner whatsoever "BULK SEED TENDER" alone or in combination with other words and/or symbols and/or colors as a trademark to advertise, promote, or identify the source of its goods;

Q. That Unverferth be ordered to remove all advertisements, promotions, displays, packaging, price lists, catalogs, publications, and articles, or any other materials in its possession or in control of any of its agents, which bear or represent in any way a copy, simulation, colorable

imitation, reproduction, photograph, copy, or similar device that is confusingly similar to Plaintiff's "BULK SEED TENDER" trademark;

R. That Unverferth be ordered to account for and pay over to Meridian all earnings, profits, receipts and advantages derived by Defendant through the marketing of goods in association with the unlawful acts alleged herein and/or any actual damages suffered by Meridian pursuant to 15 U.S.C. §§ 1114(1), 1125(a), and/or the Iowa common law;

S. That Unverferth be ordered to compensate Meridian for the advertising or other expenses necessary to dispel, cure, or counteract any public confusion caused by Meridian's unlawful acts;

T. That Unverferth be ordered to pay Meridian monetary damages in a sum yet to be determined for its trademark infringement, false designation of origin, and/or unfair competition;

U. That Meridian be awarded its reasonable attorneys' fees and costs associated with the defending the allegations involving the '047, '940, and '123 patents; and

V. That Meridian be awarded its costs, expenses, and attorneys' fees for bringing and prosecuting its counterclaims;

W. That the Court grant any other further relief the Court deems just and equitable.

## **JURY DEMAND**

Defendant/Counterclaim Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 14, 2019

Respectfully submitted,

/s/ R. Scott Johnson

McKEE, VOORHEES & SEASE, P.L.C.
R. Scott Johnson
Jonathan Kennedy
Nicholas Krob
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667
Fax: 515-288-1338
Email: R.Scott.Johnson@ipmvs.com
Email: Jonathan.Kennedy@ipmvs.com
Email: Nicholas.Krob@ipmvs.com
Email: mvslit@ipmvs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2019, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Michael A. Dee, AT002043
BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Phone : 515-242-2400
Fax : 515-283-0231
Email : md@brownwinick.com

Brett A Postal (*Pro Hac Vice*)
Jenny Colgate (*Pro Hac Vice*)
Josheph Anthony Hynds (*Pro Hac Vice*)
Rothwell Figg Ernst & Manbeck PC
607 14th Street W
Suite 800
Washington, DC 20005
202 783 6040
Email: bpostal@rfem.com
Email: jcolgate@rfem.com
Email: jhynds@rfem.com

*Counsel for Plaintiff Unverferth Mfg. Co., Inc.*

/s/ R. Scott Johnson