IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN MFG., INC.,<br><br>Defendant. | Case No. 5:19-cv-4005<br><br>**ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS OF PLAINTIFF UNVERFERTH MFG. CO., INC. TO MERIDIAN MFG., INC.'S COUNTERCLAIMS** |

**ANSWER, ADDITIONAL DEFENSES, AND COUNTERCLAIMS OF PLAINTIFF UNVERFERTH MFG. CO., INC. TO MERIDIAN MFG., INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant, Unverferth Manufacturing Inc. ("Unverferth"), answers Defendant's and Counterclaim-Plaintiff's, Meridian Manufacturing, Inc. ("Meridian"), Counterclaims. Unverferth, by and through the undersigned counsel, hereby responds to the numbered paragraphs of Meridian's Counterclaims. Unverferth repeats the headings and paragraphs of the Complaint, but denies all allegations and legal arguments made in the headings and paragraphs of Meridian's Counterclaims except as specifically stated herein.

## I. NATURE OF THE COUNTERCLAIMS

1. These counterclaims below seek declaratory judgment that U.S. Patent Nos. 8,221,047 ("the '047 patent"), 8,967,940 ("the '940 patent") and 9,745,123 ("the '123 patent") are invalid and not infringed.

**ANSWER:** Unverferth admits that Meridian's counterclaims purport to state a declaratory judgment action for invalidity and non-infringement of U.S. Patent Nos. 8,221,047 ("the '047 patent"), 8,967,940 ("the '940 patent") and 9,745,123 ("the '123 patent"). Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 1.

2. These counterclaims also seek a finding Counterclaim Defendant has infringed patents owned by Counterclaim Plaintiff and a U.S. Federal Trademark Registration, and has committed false designation of origin, and unfair competition.

**ANSWER:** Unverferth admits that Meridian's counterclaims purport to state actions for infringement of patents owned by Counterclaim Plaintiff and a U.S. Federal Trademark Registration, and for false designation of origin and unfair competition. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 2.

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and Iowa common law.

**ANSWER:** Unverferth admits that Meridian purports to state counterclaims that arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and Iowa common law. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 3.

## II. THE PARTIES

4. Counterclaim Plaintiff, Meridian is a corporation organized and existing under the laws of the State of Iowa having a place of business at 2902 Expansion Blvd., Storm Lake, Buena Vista County, Iowa 50588.

**ANSWER:** Upon information and belief, Unverferth admits the allegations of Paragraph 4.

5. Based on the allegations in Paragraph 2 of the Complaint, Counterclaim Defendant, Unverferth is a corporation organized and existing under the laws of the State of

Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth also operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670.

**ANSWER:** Unverferth admits the allegations of Paragraph 5.

## III. JURISDICTION AND VENUE

6. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and Iowa common law.

**ANSWER:** Unverferth admits that Meridian purports to state counterclaims that arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and Iowa common law. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 6.

7. There is an actual and justiciable controversy between the parties concerning alleged patent infringement.

**ANSWER:** Unverferth admits the allegations of Paragraph 7.

8. This Court has original jurisdiction over this declaratory judgment dispute pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 13 of the Federal Rules of Civil Procedure and original jurisdiction over Meridian's patent and trademark counterclaims pursuant to 28 U.S.C. § 1331.

**ANSWER:** Unverferth admits that the Court has original jurisdiction over this declaratory judgment dispute pursuant to 28 U.S.C. §§ 2201 and 2202, and original jurisdiction over Meridian's patent and trademark counterclaims pursuant to 28 U.S.C. § 1331. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 8.

9. This Court has supplemental jurisdiction over Meridian's Iowa common law unfair competition claim pursuant to 28 U.S.C. § 1367(a), as that claim arises out of the same common nucleus of operative fact as Meridian's trademark claims and thereby forms part of the same case or controversy.

**ANSWER:** Unverferth does not contest supplemental jurisdiction over Meridian's Iowa common law unfair competition claim. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 9.

10. This Court has personal jurisdiction over Counterclaim Defendant by virtue of Counterclaim Defendant voluntarily appearing in this district and asserting its infringement claims against Counterclaim Plaintiff.

**ANSWER:** Unverferth does not contest personal jurisdiction for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any other party. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 10.

11. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400, because, among other reasons, Counterclaim Defendant voluntarily appeared in this district and asserted infringement claims against Counterclaim Plaintiff.

**ANSWER:** Unverferth does not contest venue for purposes of this action only, and expressly reserves the right to contest venue in this Court in any other case as to any other party. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 11.

## IV. FACTUAL BACKGROUND

12. Counterclaim Defendant claims to be the assignee and rightful owner of the '047, '940, and '123 patent and has brought suit against Counterclaim Plaintiff for alleged infringement of the '047, '940, and '123 patents.

**ANSWER:** Unverferth admits the allegations of Paragraph 12.

13. Upon information and belief, Unverferth sells seed handling and delivery products under multiple brand names including, but not limited to, Parker Seed Chariot, Killbros, and Unverferth.

**ANSWER:** Unverferth admits that it sells seed handling and delivery products under the brand names Parker, Killbros, and Unverferth. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 13.

a. U.S. Patent No. 8,292,065

14. On October 23, 2012, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 8,292,065 ("the '065 patent") to Meridian.

**ANSWER:** Unverferth admits that U.S. Patent No. 8,292,065 ("the '065 patent"), on its face, has an issue date of October 23, 2012 and identifies Meridian Mfg. Group as an assignee. Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 14.

15. Meridian is the owner of all right, title, and interest in and to the '065 patent, which is attached hereto as Exhibit 1, including the right to sue for and recover all past, present, and future damages for infringement of the '065 patent.

**ANSWER:** Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies the allegations contained therein.

16. Counterclaim Plaintiff Meridian manufactures, uses, sells, and/or offers for sale products that practice the '065 patent, including its Model AF-E-20, AF-E-25, AF-E-30, AF-E-35, AF-E-40, and AF-E-45 conveyors as well as its Model 240, 240RT, 240BWT, 375RT,

375BWT, 400, 405 Titan SR2 when the conveyor option is chosen, 840, 1050 , and 1260 seed loading and delivery carts.

**ANSWER:** Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies the allegations contained therein.

17. Meridian has complied with the statutory marking provisions of 35 U.S.C. § 287 with respect to the ‘065 patent that identifies the ‘065 patent or a publicly accessible website that identifies the ‘065 patent.

**ANSWER:** Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies the allegations contained therein.

b. U.S. Patent No. 6,964,551

18. On November 15, 2005, the USPTO duly and legally issued U.S. Patent No. 6,964,551 (“the ‘551 patent”) to Friesen USA, Inc.

**ANSWER:** Unverferth admits that U.S. Patent No. 6,964,551 (“the ’551 patent”), on its face, has an issue date of November 15, 2005 and identifies Friesen USA, Inc. as an assignee. Except as expressly admitted herein, the allegations of Paragraph 18 are denied.

19. Friesen USA, Inc. has assigned its rights and Meridian is the owner of all right, title, and interest in and to the ‘551 patent, which is attached hereto as Exhibit 2, including the right to sue for and recover all past, present, and future damages for infringement of the ‘551 patent.

**ANSWER:** Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies the allegations contained therein.

20. Counterclaim Plaintiff Meridian manufactures, uses, sells, and/or offers for sale products that practice the ‘551 patent, including its Seed Titan and Seed Titan SR2 box seed loading and delivery systems.

**ANSWER:** Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies the allegations contained therein.

21. Meridian has complied with the statutory marking provisions of 35 U.S.C. § 287 with respect to the ‘551 patent that identifies the ‘551 patent or a publicly accessible website that identifies the ‘551 patent.

**ANSWER:** Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies the allegations contained therein.

c. <u>U.S. Trademark Registration No. 2,377,005</u>

22. Meridian is the exclusive owner, by assignment, of U.S. Trademark Registration No. 2,377,005 for the mark BULK SEED TENDER for seed loading and delivery system comprised of a seed storage bin and delivery auger for dispensing seed from the bin, in International Class 7 (the “'005 Mark”). A copy of this registration is attached hereto as Exhibit 3. This registration is in full force and effect.

**ANSWER:** Unverferth admits that Meridian purports to attach to its Counterclaims a copy of U.S. Trademark Registration No. 2,377,005 as Exhibit 3. Except as expressly admitted herein,

Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and on that basis denies the allegations contained therein.

23. Meridian's BULK SEED TENDER registration is incontestable. A copy of the Notice of Acknowledgment of Meridian's Section 15 Affidavit is attached hereto as Exhibit 4.

**ANSWER:** Unverferth admits that Meridian purports to attach to its Counterclaims a copy of the Notice of Acknowledgment of Meridian's Section 15 Affidavit as Exhibit 4. Except as expressly admitted herein, Unverferth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies the allegations contained therein.

## V. COUNTERCLAIM DEFENDANT'S ALLEGED INFRINGING ACTS

### a. The '065 Patent: Unverferth's Alleged Infringing Acts

24. Counterclaim Defendant Unverferth manufactures, uses, sells, and/or offers for sale products that practice the invention protected by the claims of the '065 patent, including, by way of example, its Model 210 Seed Pro, 2755 Seed Runner, 2755XL Seed Runner, 3755 Seed Runner, 3755XL Seed Runner, 3955DXL Seed Runner, 3955XL Seed Runner, 410 Seed Pro, 410XL Seed Pro, and 4955DXL Seed Runner (the currently "Accused Unverferth Cleated Belt Products").

**ANSWER:** Unverferth admits that it manufactures, uses, sells, and/or offers for sale the following products: Model 210 Seed Pro, 2755 Seed Runner, 2755XL Seed Runner, 3755 Seed Runner, 3755XL Seed Runner, 3955DXL Seed Runner, 3955XL Seed Runner, 410 Seed Pro, 410XL Seed Pro, and 4955DXL Seed Runner (the "Accused Unverferth Cleated Belt Products"). Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 24.

25. Upon information and belief, Counterclaim Defendant had knowledge of Meridian's '065 patent prior to the filing of this counterclaim.

**ANSWER:** Unverferth denies the allegations of Paragraph 25.

26. Upon information and belief, Counterclaim Defendant has continued to use, manufacture, sell, and offer to sell the Accused Unverferth Cleated Belt Products that practice the '065 patent after learning of Meridian's '065 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 26.

27. Counterclaim Defendant has manufactured, used, sold the Accused Unverferth Cleated Belt Products that infringe at least claim 1 of the '065 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 27.

28. The Accused Unverferth Cleated Belt Products include an improved conveyor belt for use in a tubular conveyor.

**ANSWER:** The allegations in Paragraph 28 are vague and ambiguous, including for example it is not clear what the "improved conveyor belt" is "improved" relative to. Consequently, Unverferth denies the allegations therein.

29. The Accused Unverferth Cleated Belt Products include an endless loop belt having an outer surface, opposite left and right edges, and a longitudinal axis.

**ANSWER:** The allegations in Paragraph 29 are vague and ambiguous, including for example the term "endless loop belt." Consequently, Unverferth denies the allegations therein.

30. The Accused Unverferth Cleated Belt Products include a first set of cleats on the belt extending across the longitudinal axis at a non-perpendicular angle from left to right.

**ANSWER:** Unverferth denies the allegations of Paragraph 30.

31. The Accused Unverferth Cleated Belt Products include a second set of cleats on the belt extending across the longitudinal axis at a non-perpendicular angle from right to left.

**ANSWER:** Unverferth denies the allegations of Paragraph 31.

32. The Accused Unverferth Cleated Belt Products include each set of cleats including, a plurality of upstanding cleat members.

**ANSWER:** Unverferth denies the allegations of Paragraph 32.

33. The Accused Unverferth Cleated Belt Products include each set of cleats having a longitudinal axis and each cleat member having a longitudinal axis, with the axes of cleat members in a set being offset from the longitudinal axis of the set.

**ANSWER:** Unverferth denies the allegations of Paragraph 33.

b. The ’551 Patent: Unverferth’s Alleged Infringing Acts

34. Counterclaim Defendant Unverferth manufactures, uses, sells, and/or offers for sale products that practice the invention protected by the claims of the ‘551 patent, including, by way of example, its Unverferth Seed Pro Bulk Box Tender, its Parker Seed Chariot Bulk Box Tender Model 1020, and its KP Killbros SeedVeyor Bulk Box Seed Tender (the currently “Accused Unverferth Box Seed Loading and Delivery System Products”).

**ANSWER:** Unverferth admits that it manufactures, uses, sells, and/or offers for sale the following products: the Unverferth Seed Pro Bulk Box Tender, the Parker Seed Chariot Bulk Box Tender Model 1020, and the KP Killbros SeedVeyor Bulk Box Seed Tender (the “Accused Unverferth Box Seed Loading and Delivery System Products”). Except as expressly admitted herein, Unverferth denies the allegations of Paragraph 34.

35. Upon information and belief, Counterclaim Defendant had knowledge of Meridian’s ‘551 patent prior to the filing of this counterclaim.

**ANSWER:** Unverferth denies the allegations of Paragraph 35.

36. Upon information and belief, Counterclaim Defendant has continued to use, manufacture, sell, and offer to sell the Accused Unverferth Box Seed Loading and Delivery System Products that practice the '551 patent after learning of Meridian's '551 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 36.

37. Counterclaim Defendant has manufactured, used, sold the Accused Unverferth Cleated Belt Products that infringe at least claim 12 of the '551 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 37.

38. The Accused Unverferth Box Seed Loading and Delivery System Products include an improved trailer for transporting a bulk seed box, the box having first and second sidewalls, a bottom, a top, and a flange extending along the sidewalls adjacent the bottom of the box.

**ANSWER:** The allegations in Paragraph 38 are vague and ambiguous, including for example it is not clear what the "improved trailer" is "improved" relative to. Consequently, Unverferth denies the allegations therein.

39. The Accused Unverferth Box Seed Loading and Delivery System Products include a wheeled bed for supporting a bulk seed box, the bed having a perimeter edge.

**ANSWER:** The allegations in Paragraph 39 are vague and ambiguous and appear to refer to claim terms from a patent that have not yet been construed. Consequently, Unverferth denies the allegations therein.

40. The Accused Unverferth Box Seed Loading and Delivery System Products include a hopper extending below the bed for receiving seed from the bulk seed box.

**ANSWER:** The allegations in Paragraph 40 are vague and ambiguous and appear to refer to claim terms from a patent that have not yet been construed. Consequently, Unverferth denies the allegations therein.

41. The Accused Unverferth Box Seed Loading and Delivery System Products include a conveyor operatively connected to the hopper for unloading seed from the hopper.

**ANSWER:** The allegations in Paragraph 41 are vague and ambiguous and appear to refer to claim terms from a patent that have not yet been construed. Consequently, Unverferth denies the allegations therein.

42. The Accused Unverferth Box Seed Loading and Delivery System Products include lock bars on the bed to overlappingly engage the flange on the seed box to secure the seed box to the bed.

**ANSWER:** The allegations in Paragraph 42 are vague and ambiguous and appear to refer to claim terms from a patent that have not yet been construed. Consequently, Unverferth denies the allegations therein.

43. The Accused Unverferth Box Seed Loading and Delivery System Products include each lock bar being pivotally connected to the bed for movement between an unlocked position spaced outwardly from the perimeter edge of the bed and a locked position spaced inwardly from the perimeter edge of the bed.

**ANSWER:** The allegations in Paragraph 43 are vague and ambiguous and appear to refer to claim terms from a patent that have not yet been construed. Consequently, Unverferth denies the allegations therein.

## VI. FIRST COUNTERCLAIM
## (Unverferth Allegedly Directly and Willfully Infringes U.S. Patent No. 8,292,065)

44. Counterclaim Plaintiff repeats and re-alleges the allegations in Counterclaim Paragraphs 1-43 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-43 above as if fully set forth herein.

45. Counterclaim Defendant, Unverferth, has directly infringed and is directly infringing at least claim 1 of the '065 patent by making, using, offering for sale, and/or selling at least the Accused Unverferth Cleated Belt Products, and will continue to do so unless enjoined by this Court.

**ANSWER:** Unverferth denies the allegations of Paragraph 45.

46. Counterclaim Defendant's direct infringement of the '065 patent has damaged and will continue to damage Meridian and will continue to cause Meridian substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Unverferth denies the allegations of Paragraph 46.

47. Counterclaim Defendant had knowledge of the '065 patent prior to the filing of this Counterclaim. Upon information and belief, Counterclaim Defendant has willfully infringed, and continues to willfully infringe, the '065 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 47.

## VII. SECOND COUNTERCLAIM
## (Unverferth Allegedly Directly and Willfully Infringes U.S. Patent No. 6,964,551)

48. Counterclaim Plaintiff repeats and re-alleges the allegations in Counterclaim Paragraphs 1-47 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-47 above as if fully set forth herein.

49. Counterclaim Defendant, Unverferth, has directly infringed and is directly infringing at least claim 12 of the ‘551 patent by making, using, offering for sale, and/or selling at least the Accused Unverferth Box Seed Loading and Delivery System Products, and will continue to do so unless enjoined by this Court.

**ANSWER:** Unverferth denies the allegations of Paragraph 49.

50. Counterclaim Defendant's direct infringement of the ‘551 patent has damaged and will continue to damage Meridian and will continue to cause Meridian substantial and irreparable harm unless enjoined by this Court.

**ANSWER:** Unverferth denies the allegations of Paragraph 50.

51. Counterclaim Defendant had knowledge of the ‘551 patent prior to the filing of this Counterclaim. Upon information and belief, Counterclaim Defendant has willfully infringed, and continues to willfully infringe, the ‘551 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 51.

## VIII. <u>THIRD COUNTERCLAIM</u>
## (Alleged Declaratory Judgment of Invalidity of U.S. Patent No. 8,221,047)

52. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-51 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-51 above as if fully set forth herein.

53. Upon information and belief, the asserted claims of the ‘047 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**ANSWER:** Unverferth denies the allegations of Paragraph 53.

54. Meridian reserves the right to amend, supplement, and add to these invalidity contentions.

**ANSWER:** Unverferth denies the allegations of Paragraph 54.

55. Meridian is entitled to judgment declaring that the claims of the ‘047 patent are invalid.

**ANSWER:** Unverferth denies the allegations of Paragraph 55.

## IX. FOURTH COUNTERCLAIM
## (Alleged Declaratory Judgment of Non-infringement of U.S. Patent No. 8,221,047)

56. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-55 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-55 above as if fully set forth herein.

57. Meridian has not infringed any claim of the ‘047 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 57.

## X. FIFTH COUNTERCLAIM
## (Alleged Declaratory Judgment of Invalidity of U.S. Patent No. 8,967,940)

58. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-57 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-57 above as if fully set forth herein.

59. Upon information and belief, the asserted claims of the ‘940 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**ANSWER:** Unverferth denies the allegations of Paragraph 59.

60. Meridian reserves the right to amend, supplement, and add to these invalidity contentions.

**ANSWER:** Unverferth denies the allegations of Paragraph 60.

61. Meridian is entitled to judgment declaring that the claims of the ‘940 patent are invalid.

**ANSWER:** Unverferth denies the allegations of Paragraph 61.

## XI. SIXTH COUNTERCLAIM
## (Alleged Declaratory Judgment of Non-infringement of U.S. Patent No. 8,967,940)

62. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-61 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-61 above as if fully set forth herein.

63. Meridian has not infringed any claim of the ‘940 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 63.

## XII. SEVENTH COUNTERCLAIM
## (Alleged Declaratory Judgment of Invalidity of U.S. Patent No. 9,745,123)

64. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-63 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-63 above as if fully set forth herein.

65. Upon information and belief, the asserted claims of the ‘123 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

**ANSWER:** Unverferth denies the allegations of Paragraph 65.

66. Meridian reserves the right to amend, supplement, and add to these invalidity contentions.

**ANSWER:** Unverferth denies the allegations of Paragraph 66.

67. Meridian is entitled to judgment declaring that the claims of the ‘123 patent are invalid.

**ANSWER:** Unverferth denies the allegations of Paragraph 67.

## XIII. EIGHTH COUNTERCLAIM
## (Alleged Declaratory Judgment of Non-infringement of U.S. Patent No. 9,745,123)

68. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-67 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-67 above as if fully set forth herein.

69. Meridian has not infringed any claim of the ‘123 patent.

**ANSWER:** Unverferth denies the allegations of Paragraph 69.

## XIV. NINTH COUNTERCLAIM
## (Alleged Federal Trademark Infringement of U.S. Trademark Registration No. 2,377,005 for (BULK SEED TENDER))

70. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-69 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-69 above as if fully set forth herein.

71. Upon information and belief, Counterclaim Defendant Unverferth has been selling, offering for sale, distributing, and advertising its seed handling and delivery products, including, but not limited to, Parker Seed Chariot Models 2620, 3620, and 1020, Killbros SeedVeyor Bulk Box Seed Tenders, and Unverferth Models 410XL, 410, 400, 201, and 200 in

connection with marks and descriptions which are confusingly similar to Meridian's "BULK SEED TENDER" mark without Meridian's consent.

**ANSWER:** Unverferth denies the allegations of Paragraph 71.

72. Counterclaim Defendant Unverferth's use of marks and descriptions confusingly similar to the "BULK SEED TENDER" mark in commerce in connection with the sale of its seed handling and delivery products including, but not limited to, Parker Seed Chariot Models 2620, 3620, and 1020, Killbros SeedVeyor Bulk Box Seed Tenders, and Unverferth Models 410XL, 410, 400, 201, and 200, is likely to cause confusion among customers, or to cause mistake, and/or to deceive consumers into believing that there is a connection, sponsorship, or association between Counterclaim-Defendant Unverferth and Counterclaim-Plaintiff Meridian.

**ANSWER:** Unverferth denies the allegations of Paragraph 72.

73. Counterclaim Defendant Unverferth's use of marks and descriptions confusingly similar to Meridian's "BULK SEED TENDER" constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

**ANSWER:** Unverferth denies the allegations of Paragraph 73.

74. Counterclaim Defendant Unverferth's conduct complained of herein has caused substantial and irreparable damage to Meridian and will continue to cause further irreparable damage to Meridian if it is not permanently enjoined by this court pursuant to 15 U.S.C. 1116(a) from further violation of Meridian's rights and Meridian has no adequate remedy at law.

**ANSWER:** Unverferth denies the allegations of Paragraph 74.

## XV. TENTH COUNTERCLAIM
## (Alleged Federal False Designation of Origin and Unfair Competition (BULK SEED TENDER))

75. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-74 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-74 above as if fully set forth herein.

76. Counterclaim-Defendant Unverferth's use of marks and descriptions confusingly similar to Meridian's "BULK SEED TENDER" mark constitutes use in commerce of a device, or a false designation of origin, or a false or misleading description or representation with respect to its goods which has caused and is likely to continue to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Counterclaim-Defendant with Counterclaim-Plaintiff, or as to the origin, sponsorship, or approval of Counterclaim-Defendant's goods, and Meridian has been and is likely to be damaged by Unverferth's use of such symbols or device, or false designation of origin, or false or misleading description or representation, all in violation of 15 U.S.C. § 1125(a).

**ANSWER:** Unverferth denies the allegations of Paragraph 76.

77. Unverferth's conduct complained of herein has caused substantial and irreparable damage to Meridian and will continue to cause further irreparable damage to Meridian if Unverferth is not permanently enjoined by this Court from further violations of Meridian's rights and Meridian has no adequate remedy at law.

**ANSWER:** Unverferth denies the allegations of Paragraph 77.

## XVI. ELEVENTH COUNTERCLAIM
## (Alleged Iowa Common Law Unfair Competition)

78. Counterclaim Plaintiff, Meridian, repeats and re-alleges the allegations and averments set forth in Counterclaim Paragraphs 1-77 above as if fully set forth herein.

**ANSWER:** Unverferth repeats and re-alleges its responses to the allegations in Counterclaim Paragraphs 1-77 above as if fully set forth herein.

79. Counterclaim Plaintiff has a right to compete with Counterclaim Defendant by fair and honest business methods.

**ANSWER:** Unverferth denies the allegations of Paragraph 79.

80. Counterclaim Defendant Unverferth has engaged in acts of infringement of Counterclaim Plaintiff Meridian's "BULK SEED TENDER" mark in defiance of Meridian's trademark rights.

**ANSWER:** Unverferth denies the allegations of Paragraph 80.

81. Counterclaim Defendant Unverferth's infringement is a direct and/or indirect representation that Unverferth's products were offered for sale in affiliation, connection, association, origin, sponsorship, or with approval of Counterclaim-Plaintiff Meridian.

**ANSWER:** Unverferth denies the allegations of Paragraph 81.

82. Upon information and belief, Counterclaim Defendant Unverferth's infringing acts were done with the intent to deceive consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Unverferth's products by Meridian.

**ANSWER:** Unverferth denies the allegations of Paragraph 82.

83. Upon information and belief, consumers were confused or were likely to be confused as to the affiliation, connection, association, origin, sponsorship, or approval of Counterclaim Defendant's seed handling and delivery products, including, but not limited to, the

Parker Seed Chariot Models 2620, 3620, and 1020, Killbros SeedVeyor Bulk Box Seed Tenders, and Unverferth Models 410XL, 410, 400, 201, and 200.

**ANSWER:** Unverferth denies the allegations of Paragraph 83.

84. As a direct and proximate result of Counterclaim Defendant Unverferth's acts complained of herein, Counterclaim Plaintiff Meridian has been damaged and is likely to be further damaged, specifically through the loss of its competitive advantage in the market and revenue associated with the sales or distribution of its seed loading and delivery system products with marks and descriptions confusingly similar to Meridian's "BULK SEED TENDER" mark.

**ANSWER:** Unverferth denies the allegations of Paragraph 84.

85. Counterclaim Defendant Unverferth's conduct complained of herein has caused substantial and irreparable damage to Meridian and will continue to cause further irreparable damage to Meridian if Unverferth is not permanently enjoined by this Court from further violations of Meridian's rights and Meridian has no adequate remedy at law.

**ANSWER:** Unverferth denies the allegations of Paragraph 85.

## RESPONSE TO DEFENDANT/COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF

Unverferth denies that Meridian is entitled to any of the relief requested in its Prayer for Relief.

## UNVERFERTH'S ADDITIONAL DEFENSES

Unverferth hereby asserts the following defenses to Meridian's Counterclaims; however, Unverferth does not concede that it bears the burden of proof on any defense and reserves the right to assert additional defenses as warranted.

### UNVERFERTH'S FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

1. Meridian's Counterclaims fail to state a claim upon which relief can be granted.

**UNVERFERTH'S SECOND ADDITIONAL DEFENSE**
**(Non-infringement of the '065 Patent)**

2. Unverferth has not infringed any valid and enforceable claim of the '065 patent directly or indirectly, either literally or by the doctrine of equivalents.

**UNVERFERTH'S THIRD ADDITIONAL DEFENSE**
**(Invalidity of the '065 Patent)**

3. The '065 patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112, or under other judicially-created bases for invalidity.

**UNVERFERTH'S FOURTH ADDITIONAL DEFENSE**
**(Non-infringement of the '551 Patent)**

4. Unverferth has not infringed any valid and enforceable claim of the '551 patent directly or indirectly, either literally or by the doctrine of equivalents.

**UNVERFERTH'S FIFTH ADDITIONAL DEFENSE**
**(Invalidity of the '551 Patent)**

5. The '551 patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112, or under other judicially-created bases for invalidity.

**UNVERFERTH'S SIXTH ADDITIONAL DEFENSE**
**(35 U.S.C. § 288)**

6. Meridian is barred by 35 U.S.C. § 288 from recovering costs associated with its counterclaims.

**UNVERFERTH'S SEVENTH ADDITIONAL DEFENSE**
**(Waiver, Laches, Acquiescence, and Estoppel)**

7. Meridian's counterclaims are barred by the equitable doctrines of waiver, laches, acquiescence, and estoppel.

**UNVERFERTH'S EIGHTH ADDITIONAL DEFENSE**
**(35 U.S.C. § 286)**

8. Meridian's counterclaims are barred in whole or in part under 35 U.S.C. § 286. Meridian is barred from seeking damages for any alleged infringement by Unverferth that occurred more than six years prior to Meridian's assertions of counterclaims in this action.

**UNVERFERTH'S NINTH ADDITIONAL DEFENSE**
**(Cancellation of Trademark)**

9. Meridian's counterclaims are barred, in whole or in part, because the '005 Mark should be cancelled on the basis that the mark is the generic name for the goods listed in the registration, or a portion thereof.

**UNVERFERTH'S TENTH ADDITIONAL DEFENSE**
**(Omission or Commission)**

10. Meridian's counterclaims are barred by the fact that Meridian has engaged in acts of omission or commission that caused the '005 Mark to lose any distinctiveness such name ever had as an indicator of origin.

**UNVERFERTH'S ELEVENTH ADDITIONAL DEFENSE**
**(Non-Infringement of Trademark)**

11. Unverferth has not infringed the '005 Mark.

**UNVERFERTH'S TWELTH ADDITIONAL DEFENSE**
**(Reservation of Rights)**

12. Unverferth asserts the above defenses without the benefit of full discovery and investigation, and reserve the right to supplement or amend these additional defenses as necessary.

## UNVERFERTH MFG. CO., INC.'S COUNTERCLAIMS

Counterclaim-Plaintiff, Unverferth Manufacturing Co., Inc. ("Unverferth"), hereby alleges the following Counterclaims against Counterclaim-Defendant, Meridian Manufacturing, Inc. ("Meridian"):

## NATURE OF THE COUNTERCLAIMS

1. These counterclaims seek declaratory judgment that U.S. Patent Nos. 8,292,065 (the "'065 patent") and U.S. Patent No. 6,964,551 (the "'551 patent") are invalid and not infringed.

2. These counterclaims also seek declaratory judgment that U.S. Federal Trademark Registration No. 2,377,005 (the "'005 Mark") should be cancelled and is not infringed.

## THE PARTIES

3. Unverferth is a corporation organized and existing under the laws of the State of Ohio having a place of business at 601 South Broad Street, Kalida, Ohio 45853. Unverferth also operates a manufacturing facility at 27612 Temple Ave., Shell Rock, Butler County, Iowa 50670.

4. Meridian is a corporation organized and existing under the laws of the State of Iowa having a place of business at 2902 Expansion Blvd., Storm Lake, Buena Vista County, Iowa 50588.

## JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*

6. There exists an actual and justiciable controversy between Unverferth and Meridian concerning the alleged patent and trademark infringement, and a judicial declaration of

non-infringement and invalidity of the ’065 patent and ’551 patent and non-infringement and cancellation of the ’005 Mark is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the ’065 patent, the ’551 patent, and the ’005 Mark.

7. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Meridian, *inter alia*, by virtue of Meridian asserting its infringement counterclaims against Unverferth.

9. Venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

### U.S. Patent No. 8,292,065

10. On information and belief, the United States Patent and Trademark Office issued the ’065 patent, entitled “Cross Cleated Conveyor Belt for a Tubular Conveyor,” on October 23, 2012. The face of the ’065 patent lists the inventors as Juan Neufeld and Bernie Thiessen.

11. Meridian purports to be the assignee of the ’065 patent and asserted counterclaims against Unverferth alleging infringement of the ’065 patent.

### U.S. Patent No. 6,964,551

12. On information and belief, the United States Patent and Trademark Office issued the ’551 patent, entitled “Trailer for Transporting Bulk Seed Boxes,” on November 15, 2005. The face of the ’551 patent lists the inventor as Garry D. Friesen.

13. Meridian purports to be the assignee of the ’551 patent and asserted counterclaims against Unverferth alleging infringement of the ’551 patent.

**<u>U.S. Trademark Registration No. 2,377,005</u>**

14. On information and belief, the United States Patent and Trademark Office registered the ’005 Mark, “BULK SEED TENDER,” on August 15, 2000.

15. Meridian purports to be the assignee of the ’005 Mark and asserted counterclaims against Unverferth alleging infringement of the ’005 Mark.

**<u>FIRST COUNTERCLAIM</u>**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’065 PATENT)**

16. Unverferth hereby incorporates by reference each and every allegation set forth in its Answer and Additional Defenses to Meridian’s Counterclaims and in Paragraphs 1 through 15 of the Counterclaims above.

17. Unverferth has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the ’065 patent directly or indirectly.

18. There exists an actual controversy between Unverferth and Meridian regarding whether Unverferth infringes any valid and enforceable claim of the ’065 patent, and a judicial declaration of non-infringement is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the ’065 patent.

**<u>SECOND COUNTERCLAIM</u>**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’065 PATENT)**

19. Unverferth hereby incorporates by reference each and every allegation set forth in its Answer and Additional Defenses to Meridian’s Counterclaims and in Paragraphs 1 through 18 of the Counterclaims above.

20. The ’065 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C.

§§ 102, 103, and/or 112, or under other judicially-created bases for invalidation.

21. There exists an actual controversy between Unverferth and Meridian regarding the validity of the ’065 patent, and a judicial declaration of invalidity is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the ’065 patent.

## THIRD COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’551 PATENT)

22. Unverferth hereby incorporates by reference each and every allegation set forth in its Answer and Additional Defenses to Meridian’s Counterclaims and in Paragraphs 1 through 21 of the Counterclaims above.

23. Unverferth has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the ’551 patent directly or indirectly.

24. There exists an actual controversy between Unverferth and Meridian regarding whether Unverferth infringes any valid and enforceable claim of the ’551 patent, and a judicial declaration of non-infringement is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the ’551 patent.

## FOURTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE ’551 PATENT)

25. Unverferth hereby incorporates by reference each and every allegation set forth in its Answer and Additional Defenses to Meridian’s Counterclaims and in Paragraphs 1 through 24 of the Counterclaims above.

26. The ’551 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C.

§§ 102, 103, and/or 112, or under other judicially-created bases for invalidation.

27. There exists an actual controversy between Unverferth and Meridian regarding the validity of the ’551 patent, and a judicial declaration of invalidity is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the ’551 patent.

**FIFTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’005 MARK)**

28. Unverferth hereby incorporates by reference each and every allegation set forth in its Answer and Additional Defenses to Meridian’s Counterclaims and in Paragraphs 1 through 27 of the Counterclaims above.

29. Unverferth has not infringed, is not infringing, and will not infringe the ’005 Mark.

30. There exists an actual controversy between Unverferth and Meridian regarding whether Unverferth infringes the ’005 Mark, and a judicial declaration of non-infringement is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the ’005 Mark.

**SIXTH COUNTERCLAIM**
**(CANCELLATION OF THE ’005 MARK)**

31. Unverferth hereby incorporates by reference each and every allegation set forth in its Answer and Additional Defenses to Meridian’s Counterclaims and in Paragraphs 1 through 30 of the Counterclaims above.

32. The term BULK SEED TENDER is the generic name for a type of agricultural equipment.

33. The ’005 Mark should be cancelled for failing to comply with the requirements of

15 U.S.C. § 1064 (Section 14 of the Lanham Act), including, *inter alia*, because the mark BULK SEED TENDER is the generic name for the goods listed in the registration, or a portion thereof.

34. Unverferth therefore requests an order cancelling the ’005 Mark.

35. There exists an actual controversy between Unverferth and Meridian regarding the cancellation of the ’005 Mark, and a judicial declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the cancellation of the ’005 Mark.

**PRAYER FOR RELIEF**

WHEREFORE, Unverferth prays that the Court enter judgment in its favor and against Meridian as follows:

1. Adjudging that Unverferth has not and will not infringe any valid and enforceable claim of the ’065 patent;

2. Adjudging that Unverferth has not and will not infringe any valid and enforceable claim of the ’551 patent;

3. Adjudging that the ’065 patent is invalid or unenforceable;

4. Adjudging that the ’551 patent is invalid or unenforceable;

5. Adjudging that the ’005 Mark is not infringed;

6. Adjudging that the ’005 Mark should be cancelled;

7. Enjoining Meridian and its agents, representatives, attorneys and those persons in active concert or participation with it who receive actual notice hereof from threatening or initiating infringement litigation against Unverferth or any of its present or prospective customers, sellers, dealers, suppliers, or charging them either orally or in writing with infringement of any patent or trademark asserted herein against Unverferth;

8. Granting Unverferth judgment in its favor on the Meridian Counterclaims;

9. Denying Meridian's request for injunctive relief as it will not be able to demonstrate that any alleged harm is irreparable or otherwise compensable via monetary damages;

10. Dismissing the Meridian Counterclaims with prejudice;

11. Finding this case exceptional under 35 U.S.C. § 285 and awarding Unverferth its costs and reasonable attorneys' fees;

12. Awarding Unverferth the costs of this action; and

13. Awarding any other relief as is just and proper.

**JURY DEMAND**

Counterclaim-Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 7, 2019

Respectfully submitted,

*/s/ Joseph A. Hynds*

Joseph A. Hynds (*pro hac vice)*
Jenny L. Colgate (*pro hac vice)*
Brett A. Postal (*pro hac vice)*
ROTHWELL, FIGG, ERNST
& MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jhynds@rfem.com
jcolgate@rfem.com
bpostal@rfem.com

Michael A. Dee, AT0002043
BROWN, WINICK, GRAVES, GROSS, BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, Iowa 50309-2510
Phone: (515) 242-2400
Fax: (515) 283-0231
E-mail: md@brownwinick.com

*Attorneys for Plaintiff Unverferth Mfg. Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2019, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:


R. Scott Johnson
Jonathan Lee Kennedy
Nicholas Krob
**McKee, Voorhees & Sease, PLC**
801 Grand Ave., Suite 3200
Des Moines, IA 50309
Email: r.scott.johnson@ipmvs.com
Email: jonathan.kennedy@ipmvs.com
Email: nicholas.krob@ipmvs.com


*/s/ Nasri V.B. Hage* ____________
Nasri V. B. Hage