IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNVERFERTH MFG. CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> MERIDIAN MFG., INC., <br><br> Defendant. | CASE NO. 5:19-cv-4005 <br><br> **STIPULATED PATENT ADDENDUM TO PROPOSED SCHEDULE AND DISCOVERY PLAN** |

Counsel have conferred and submit the following Patent Addendum to the Proposed Schedule and Discovery Plan:

1. **<u>Patent Claim Construction Proceedings.</u>**

    a. The parties shall exchange a list of claim terms which the party contends should be construed by the Court, and identify any claim terms which the party contends should be governed by 35 U.S.C. § 112(6) by **<u>[Plaintiff's Proposal: August 14, 2019; Defendant's Proposal: July 19, 2019]</u>**. The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving any differences, and facilitating the preparation of a Joint Claim Construction and Prehearing Statement.

    b. The parties shall simultaneously exchange proposed claim constructions and supporting intrinsic and extrinsic evidence for the collective claim terms identified as requiring construction by **<u>[Plaintiff's Proposal: September 11, 2019; Defendant's Proposal: July 31, 2019]</u>**. The parties shall produce any extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art that they contend support their respective claim constructions. With respect

4

to any supporting witness testimony, the parties shall provide a brief description of the substance of that witness' proposed testimony. The parties shall thereafter meet and confer for purposes of narrowing the issues and preparing the Joint Claim Construction and Prehearing Statement.

c. Not later than **[Plaintiff's Proposal: October 9, 2019; Defendant's Proposal: August 14, 2019]**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

   i. The construction of those terms on which the parties agree.

   ii. Each party's proposed construction of each disputed term, together with an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction.

   iii. The anticipated length of time necessary for the Claim Construction Hearing.

   iv. Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction and the basis and reasons therefore.

d. The parties shall exchange opening claim construction briefs on **[Plaintiff's Proposal: November 8, 2019; Defendant's Proposal: August 30, 2019]**.

e. The parties shall exchange responsive claim construction briefs on **[Plaintiff's Proposal: December 13, 2019; Defendant's Proposal: September 27, 2019]**.

f. The parties request a claim construction hearing on **[Plaintiff's Proposal: January 10, 2020; Defendant's Proposal: October 9, 2019]** or at the Court's convenience.

2. **Disclosure of Asserted Claims, Initial Infringement Contentions and Initial Non-Infringement Contentions.**

    a. Plaintiff and Counterclaim-Plaintiff shall serve its Disclosure of Asserted Claims and Initial Infringement Contentions by **May 10, 2019** containing at least the following information:

        i. Each claim of each patent-in-suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

        ii. Separately for each asserted claim, each accused product that each party claiming infringement contends infringes, including the name or model number if known;

        iii. A chart identifying specifically where each limitation of each asserted claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the corresponding structure and function and where such structure and function is found in the accused products;

        iv. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer(s) that contribute to or that are inducing direct infringement, including a description of the role of each relevant party if direct infringement is based on the joint acts of multiple parties;

6

v. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused products;

vi. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

vii. If a party claiming patent infringement alleges willful infringement, the basis for such allegation; and

viii. A copy of the file history for each patent-in-suit and any patent(s) or application(s) to which each patent-in-suit claims priority.

b. Defendant and Counterclaim-Defendant shall serve its Initial Non-Infringement Contentions by **[Plaintiff's Proposal: June 14, 2019; Defendant's Proposal: June 7, 2019]** containing at least the following information:

i. A chart, responsive to the chart set forth in 2(a)(iii), that identifies as to each identified element in each asserted claim (1) whether such element is present literally or under the doctrine of equivalents in each accused products and, if not, the reason for such denial and the relevant distinctions, and (2) for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the corresponding structure and function, whether or not such structure and function are found in the accused products, and/or any basis for claiming that such limitation is invalid for indefiniteness.

ii. Documents sufficient to support the statement(s) made in the chart identified above; and

iii. Documents sufficient to describe the structure, composition, and/or operation of the accused products.

7

3. **Initial Invalidity Contentions and Initial Validity Contentions.**

   a. Defendant and Counterclaim-Defendant shall serve Initial Invalidity Contentions directed to the Asserted Claims by **[Plaintiff's Proposal: June 28, 2019; Defendant's Proposal: June 7, 2019]** containing at least the following information:

      i. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

      ii. Whether each item of prior art anticipates each asserted claim or renders it obvious under 35 U.S.C. §102 or §103. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

iii. For each alleged item of prior art, a chart identifying specifically where each limitation of each asserted claims are found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

iv. Any grounds of invalidity based on 35 U.S.C. § 101, or 35 U.S.C. § 112, including invalidity contentions based on written description, enablement, indefiniteness, and/or best mode;

v. The grounds for any charge that any of the asserted claims are unenforceable for inequitable conduct, including the identification of any information alleged to have been withheld, misstated, or otherwise misrepresented to the United States Patent Office, the basis for claiming such information was material to patentability, and the basis for claiming that the patentee withheld, misstated, or misrepresented such information with the requisite intent; and

vi. All documents supporting the invalidity allegations, including a copy of the prior art identified therein. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

b. Plaintiff and Counterclaim-Plaintiff shall serve Initial Validity Contentions by **[Plaintiff's Proposal: July 31, 2019; Defendant's Proposal: July 2, 2019]** containing at least the following information:

i. A chart, responsive to the chart set forth in 3(a)(iv), that identifies as to each identified element in each asserted claim whether such element is present in

9

the prior art and, if not, the reason for such denial and the relevant distinctions; and

    ii. All documents in support of the statement(s) made in the chart identified above.

4. **Final Contentions.**

    a. Plaintiff and Counterclaim-Plaintiff shall serve Final Infringement Contentions and Final Invalidity Contentions **no later than fifteen (15) days after the Court's claim construction ruling**. Defendant and Counterclaim-Defendant shall serve Final Non-Infringement and Validity Contentions **no later than thirty (30) days after the Court's claim construction ruling**.

    b. Unless otherwise ordered by the Court, the parties' contentions and responses shall have the same binding effect on a party as a response to an interrogatory made under Rule 33 of the Federal Rules of Civil Procedure. The parties' disclosures and responses may be amended or supplemented without leave of court until the Final Contentions are due; provided, however, that additional claims in the patents-in-suit may not be asserted without obtaining leave from the Court for good cause shown.

5. **Advice of Counsel Defense(s).**

    a. If Defendant or Counterclaim-Defendant intends to rely on an opinion of counsel, Defendant or Counterclaim Defendant shall identify and produce any opinion(s) of counsel that it intends to rely on by **[Plaintiff's Proposal: January 15, 2020; Defendant's Proposal: November 13, 2019]**.

6. **Privilege Logs.**

a. The parties agree to exchange privilege logs that comply with Fed. R. Civ. P. 26(b)(5) by **October 2, 2019**.

b. The parties agree that they do not need to log privileged communications between a party and its respective trial counsel and/or work product documents or communications from January 23, 2019, and later.

7. **Discovery Limits.**

    **Plaintiff's Proposal:**

    a. Each party shall serve no more than **50 interrogatories**, including subparts.

    b. Depositions: Each side shall take no more than **18 fact discovery depositions**, inclusive of 30(b)(6) depositions, which shall be counted against the deposition limit as one deposition per each 30(b)(6) notice of deposition (regardless of the number of topics in the notice). Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties or order of the Court.[3]

    **Defendant's Proposal:**

    No change from the Federal Rules of Civil Procedure and local rules of this Court, i.e., 25 interrogatories per *Fed. R. Civ. Proc.* 33 and 10 depositions per *Fed. R. Civ. Proc.* 30(2)(A)(i).[4]

---

[3] Plaintiff submits that 50 interrogatories and 18 depositions are appropriate in view of the number of issues in the case and the number of Defendant's counterclaims. The case involves five different patents from three different patent families involving three different technologies, including bulk seed tenders, trailers, and conveyor belts. In addition to these patent issues, Defendant has also alleged a counterclaim of trademark infringement for the mark BULK SEED TENDER. Plaintiff believes that these depositions would not unnecessarily increase the litigation expenses and are proportional to the number of issues in the case.

[4] Defendant believes the number of interrogatories and fact depositions proposed by Plaintiff are unnecessary and increase the litigation expenses on both parties. *See, e.g.*, Fed. R. Civ. Proc. 30 advisory committee's 1993 notes on paragraph 2(A) ("One aim of this revision is to assure judicial

11

Case 5:19-cv-04005-LTS-KEM    Document 20-2    Filed 04/24/19    Page 8 of 10

8. **Electronically Stored Information (ESI)**

    a. **Electronic Search Parameters:** The parties agree to meet and confer by May 10, 2019 to establish the parameters and search terms to govern any request for the production of emails and other electronically stored information under Fed. R. Civ. P. 36. The parties will negotiate an agreement that will outline:

        i. identification of custodians to be searched;

        ii. identification of the date range to be searched;

        iii. identification of search terms; and

        iv. understanding of methodology for conducting the searches and review.

    b. **Production Format:** Electronic documents shall be produced in single-page, TIFF or PDF format with appropriate page breaks, OCR searchable, with accompanying load files, and shall be searchable with optical character recognition.

    c. **Metadata:** Electronic documents shall include the following metadata fields as applicable (to the extent metadata exists in the ordinary course of business) Author, From; To, CC, BCC; Subject, Date Created; Date Modified; Date Sent; Time Sent; Date Received; Time Received; Application; File Path; File Name; File Size; File Extension; Custodian; Beginning Bates Number; End Bates Number; Attachment Range; Beginning Attachment Number; End Attachment Number.

---

review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions *in a case without agreement of the other parties*. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." (emphasis added)). Defendant's note that while five patents are involved in this suit there are only a total of five inventors and three of the patents share a common specification and are related.

12

d. **Production Numbers:** Each single page image shall be assigned a production number.

e. **Text Files:** Text for each document shall be provided as a separate text file named after the beginning bates number.

f. **Native Files:** Native files shall be produced for MS Excel files.

g. **Preservation:** The parties confirm that they have each taken reasonable measures, by litigation holds or similar actions, to preserve potentially discoverable data from alternation or destruction in the ordinary course of business.